HENRY WORTENDYKE, APPELLANT, v. JOHN B. MEEHAN AND SAMANTHA C. MEEHAN, APPELLEES.

1.	**Promissory Note**: USURY. Where a promissory note secured by mortgage based in part on a usurious consideration is transferred before maturity to a bona fide purchaser for value, without notice, he takes it free from the defense of usury.

2.	———: BONA FIDE PURCHASER: USURY: EVIDENCE. Where usury in the original transaction is proved, the burden of proof is on the plaintiff to show that he is a bona fide purchaser for value, and without notice.

3.	———: ———: ———. In such case it is not sufficient for the plaintiff to show the payment of value, he must also show that he purchased in good faith. A statement by him, that he did not know or have reason to believe there would be a contest over it, is not sufficient to show good faith.

APPEAL by plaintiff from a decree rendered by POST, J., in the district court for York county. The opinion contains facts sufficient to an understanding of the case here.

*France & Sedgwick*, for appellant.

1. The defense of usury is not available in this case. Gen. Stat., 447. It is not sufficient to declare the note or contract illegal, but it must be absolutely void in order to plead usury against a note or contract in the hands of a *bona fide* assignee. Chitty on Bills, 116. 2 Kent Com., 80. *Conkling v. Underhill*, 3 Scam., Ill., 388. *Hemenway v. Cropsey*, 37 Ill., 357. *Pickaway Co. Bank*

*v. Prother*, 12 O St., 497. *Gale v. Eastman*, 7 Met., 14. *Young v. Berkley*, 2 N. H., 410. *Fletcher v. Bank of U. S.*, 8 Wheat., 338.

2. When a negotiable instrument has passed, in the ordinary course of business, into the hands of a *bona fide* holder, for a valuable consideration, the general rule is that the defendant cannot avail himself of any defense, except in those cases where the notes and securities are declared by the statute to be absolutely void; and in all other cases it may be laid down as a broad, general principle, that whenever one of two innocent persons must suffer by the acts of a third, he who has enabled the third person to occasion the loss, must sustain it. *Vallett v. Parker*, 6 Wend., 615. *Pickaway Co. Bank v. Prother*, 12 O. St., 514. We respectfully submit that the evidence in this case, taken as a whole, clearly shows the appellant to be a *bona fide* holder, for value. The record shows that the defendants produced no testimony that the plaintiff had any notice that there was usury in the transaction in its inception, nor does the record show that appellant took the note and mortgage under such circumstances as to charge him with receiving them *mala fide*, and we submit that under the pleadings the defendants were bound to begin at the trial and to prove the plaintiff's knowledge of the usury or facts set up in the answer, and that until some evidence is produced tending to show plaintiff's knowledge of the usury or facts set up in the answer, the plaintiff is not at liberty, nor is he required to introduce any evidence at all on that issue. We contend that there is not a scintilla of testimony in the record tending to show plaintiff's knowledge of the usury or of the facts set up in the answer. The plaintiff is presumed to be a *bona fide* holder for value, and makes out a *prima facie* case by producing the note in evidence, and until there is evidence introduced tend-

ing to overcome this presumption, the law will presume the plaintiff to be a *bona fide* holder for value, without notice, and we submit that there is not a syllable of testimony produced by the defendants in this case, or any witness therein, to overcome the presumption and *prima facie* case made by plaintiffs by introducing note and mortgage, and we here call attention of the court to the testimony adduced by defendant.

The onus is upon the party alleging the defense of usury, not only to prove it, but also to establish a usurious intent, and the facts from which such intent is to be deduced. *Thomas v. Murray*, 32 N. Y., 612. *Booth v. Sweezey*, 8 N. Y., 276. *Cutler v. Wright*, 22 N. Y., 472.

When the plaintiff shows that he gave value for the note, to-wit: $425, before due, and that he is the owner of the same, and the circumstances under which he purchased the same, and these circumstances do not disclose suspicion of notice, then he is presumed not to have notice, and he stands in the actual position of a *bona fide* holder, and the very reason given by all the courts and authorities shows that it is not necessary to prove want of notice to give plaintiff the actual position of a *bona fide* holder before due. *Stalker v. McDonald*, 6 Hill, 93. *Swift v. Tyson*, 16 Peters, 15. Story on Promissory Notes, 195.

*George W. Lowley* (with whom was *Scott & Giffen*), for appellee.

1. Usury is available as a defense to an action on a contract in the hands of a *bona fide* holder. *Bacon v. Lee & Gray*, 4 Iowa, 490. *Burroughs v. Cook*, 17 Iowa, 436. *Brown v. Wilcox*, 15 Iowa, 414.

2. The prohibition of usury cannot be avoided by the substitution of one contract for another, or of a

new note for an old one.    When it enters into a trans-
action either directly or indirectly, it taints every part
of it.  *Campbell v. McHarg*, 9 Iowa, 354.  *Smith v. Cooper*,
9 Iowa, 376.    *Garth v. Cooper*, 12 Iowa, 364.

MAXWELL, CH. J.

In September, 1875, one Keckley, through an agent,
loaned the defendant the sum of $200 for the period
of one year, with interest at the rate of 50 per cent.,
taking as security an assignment of a land contract.
Before the expiration of the year Keckley, through his
agent, sold and assigned the debt, with the security,
to a resident of York, who, on an agreement to pay
$150 as interest or rent, it is uncertain which, agreed to
extend the time of payment for one year.    In January,
1878, a note, secured by a mortgage, for the sum of
$470, with interest at 12 per cent., and due September,
1, 1878, was executed by the defendants to the holder
of the claim, who soon thereafter transferred them
without recourse to the plaintiff.

In November, 1878, the plaintiff commenced an action
of foreclosure in the district court of York county.
The defendants answered the petition of the plaintiff,
alleging in substance that the original consideration
of the note and mortgage was $200, and no more,
and that the plaintiff purchased the note and mort-
gage, with notice that they were given for a usurious
loan.    The plaintiff in his reply denied the new mat-
ter set up in the answer.    On the trial of the cause,
the court found the issues in favor of the defendants,
and rendered a decree of foreclosure against them for
the sum of $200, and judgment against the plaintiff for
costs.    The plaintiff brings the cause into this court
by appeal.

That the note is tainted with usury, and that, too,

of the most rapacious character, there is no question. In the determination of the case, therefore, it is necessary to consider but two questions: *First.* Can a plaintiff who is a *bona fide* holder of a negotiable promissory note, purchased for a valuable consideration before maturity, without notice, maintain an action thereon free from the defense of usury? *Second.* Is the plaintiff such *bona fide* holder of the note in question?

The questions are intimately connected, and will be considered together.

Section 5 of the chapter on interest (Gen. Stat., 447) provides that "if a greater rate of interest than is hereinbefore allowed shall be contracted for or received, or reserved, the contract shall not therefore be void; but if in any action on such contract proof be made that illegal interest has been directly or indirectly contracted for, or taken or reserved, the *plaintiff* shall only recover the principal without interest, and the defendant shall recover costs," etc.

The court below found generally for the defendants, there being no special finding of facts. The testimony of the plaintiff is of a very unsatisfactory character. After stating of whom he purchased, and when, he testifies: "Nothing was said, nor was there any intimation, that it (the note) would be contested. I am the purchaser and owner of the note and mortgage, the sole owner. * * * I paid about $425 for note and mortgage. The agreement was made about the first of April. He (the person of whom he purchased) had $280 belonging to me. He wanted to sell paper; I wanted to buy. He spoke about this paper; I never had any knowledge or reason to believe, before or after the purchase, of any contest to be had over it. We had a settlement July 4, 1878; there was $140 or $145 in his possession of mine. The mortgage and assignment were not sent to me until about the 15th of April; I

had it until nearly due. No understanding about Mr. France making it good was had; nothing of that kind was understood. I took an account of the insurance, that is, partly. I have never received anything on the note and mortgage." . This is his entire testimony, except that portion stating when and of whom he purchased.

Section 31 of the code of civil procedure provides that "in case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any set-off or other defense now allowed; but this section *shall not apply* to negotiable bonds, promissory notes, or bills of exchange, transferred in good faith and upon good consideration before due."

Section 1791 of the code of Iowa of 1860 (Laws of 1853, chap. 37), sec. 2080 of the revision of 1873, provides that "if it shall be ascertained in any suit, brought on any contract, that a rate of interest has been contracted for greater than is authorized by this chapter, either directly or indirectly, in money or property, the same shall work a forfeiture of ten cents on the hundred by the year upon the amount of such contract to the school fund of the county in which the suit is brought, and the *plaintiff* shall have judgment for the principal sum without either interest or costs," etc.

In the case of *Callanan v. Shaw*, 24 Iowa, 441, where a note and mortgage were given in 1857, and an action of foreclosure commenced in 1861, and a decree rendered in 1867, it was held that when a party purchased a note upon the representations of the maker, that it was not usurious, and without any knowledge of the usury, the maker could not afterwards set up the defense of usury; but otherwise if the assignee did not rely on the representations or had knowledge of the usury.

In *Dickerman v. Day*, 31 Id., 444, it was held that the defense of usury was not available in an action against the *accommodation* maker of a promissory note by a purchaser in good faith from the payee at a greater discount than legal interest, taken without any knowledge of the character of the paper.

In *Watson v. Hoag*, 40 Id., 142, it was held that the transferee was not a purchaser in good faith, and that the claim of usury was a defense in an action upon the note.

The statute of 12 Anne, chap. 16, enacted that all bonds, contracts, and assurances whatsoever, made for the payment of any principal or money to be lent, whereby usurious interest was taken or received, should be *utterly void*. Under this statute it was held that a note or bill was void for usury, even in the hands of an innocent purchaser. The hardship of this rule led to the. passage of the statute of 58 Geo. III, Ch. 93, which provided that such instruments should. not be void in the hands of an indorsee for value unless he had notice of the usury. The statute of Anne was adopted by New York in 1787, and continued in force until 1830, when the provisions of the statute of 58 Geo. III were adopted. In 1837 the law of New York was again changed, declaring commercial paper void even in the hands of a *bona fide* holder without notice. The New York decisions and those under similar statutes, therefore, are not applicable in this state. Our statute expressly declares that the contract shall not therefore be void because of usury, but in such case the plaintiff, where suit is brought, shall only recover the principal, and the defendant shall recover costs. Does this provision apply to the case of a *bona fide* purchaser for a valuable consideration of negotiable paper before due, without notice? We think not.

In *Bacon v. Lee*, 4 Clarke (Iowa), 490, it was held that usury may be pleaded in an action on a usurious contract when brought in the name of an indorsee or innocent *bona fide* holder. The decision appears to be predicated upon the peculiar provisions of the statute, which provide that in *no case* where unlawful interest shall be contracted for shall the *plaintiff*, in a suit brought upon the contract, have " judgment for more than the principal sum loaned," and that the *bona fide* assignee of a usurious contract may recover against the *usurer* the full amount of the consideration paid by him for such contract, deducting the amount of the principal sum recovered against the makers. As we have no provision allowing the purchaser of negotiable paper to recover against the usurer in such case, the above decision has no application to the case at bar.

Negotiable paper before maturity is intended, to some extent at least, to represent money. Possession is *prima facie* evidence of ownership where it is payable to bearer, or indorsed in blank. The *bona fide* holder can recover upon the paper, although it came to him from a person who had stolen it from the true owner, provided he took it innocently, in the course of trade, for a valuable consideration and not overdue, and under circumstances of due caution. 3 Kent Com., 78, 79. And he need not account for the possession of it unless suspicion be raised. This doctrine is founded on the commercial policy of sustaining the credit and circulation of negotiable paper.

The principle is now well settled that if a note is not declared *void* by statute, mere illegality in its consideration will not affect the rights of a *bona fide* purchaser for value. *Norris v. Langley*, 19 N. Hamp., 423. *State Bank v. Thompson*, 42 Id., 369. *Converse v. Foster*, 32 Vt., 828. *Paton v. Coit*, 5 Mich., 505. *Sistemans v. Field*,

9 Gray, 331. *Smith v. Columbus State Bank, ante* p. 31. But when the illegal consideration is proved, the burden of proof is on the plaintiff to show that he is a *bona fide* holder for value, and without notice. In *Paton v. Coit,* 5 Mich., 510, the supreme court of Michigan say the rule is the same as to the burden of proof in case an illegal consideration is shown, as where it is proved that the paper was obtained by fraud and duress, and cite in support of the proposition a large number of cases. And such is undoubtedly the law. And where this is shown he may recover in a proper case, although usury may have entered into the consideration of the obligation. The cases that hold to the contrary appear to give undue weight to decisions under statutes declaring such instruments void. Such decisions have no application to our statute. A *bona fide* purchaser is entitled to protection, and if one of two innocent persons must suffer, he must bear the loss who placed the means in the hands of another to commit the injury. We think it is very clear that the defense of usury is not available against a *bona fide* purchaser of negotiable paper for value before maturity. But the holder, to be entitled to protection, must have acquired the paper in good faith from his predecessor. The mere payment of value will not protect him if he had notice, or the circumstances were sufficient to put him upon inquiry as to the character of the consideration. In this case it is evident that the plaintiff is not a *bona fide* purchaser. He does not deny that he had notice of the original consideration. The attempt to conceal it under the guise of a lease, and his statement that he did not know the matter would be " contested," fall far short of a denial of knowledge of the consideration.

Against all, except *bona fide* purchasers for value without notice, the law as to usury will be fully en-

forced.  As the plaintiff has failed to bring himself within the rule as to *bona fide* purchasers, the judgment of the court below is affirmed.

JUDGMENT AFFIRMED.