JAMES EVANS, PLAINTIFF IN ERROR, v. GEORGE T. DEROE, DEFENDANT IN ERROR.

1. **Usury.** An usurious note transferred to a *bona fide* purchaser before maturity, for value, without notice, is not open to the defense of usury.

2. **Trial.** Where a jury is waived the finding of a court will not be set aside as being against the weight of evidence, unless it is clearly wrong.

ERROR to the district court for Antelope county. Tried below before BARNES, J.

*D. A. Holmes,* for plaintiff in error.

*Thomas O'Day,* for defendant in error.

MAXWELL, J.

In March, 1881, the plaintiff executed a note to W. H. Dickinson for the sum of $95, due in one year, with interest at ten per cent. A few days after the execution and delivery of the note, Dickinson endorsed it as follows: "Pay Geo. T. DeRoe or order W. H. Dickinson," and sent the same to DeRoe, who resided in New York. Afterwards DeRoe endorsed the note as follows: "Pay to W. H. Dickinson for collection G. T. DeRoe," and sent the note to Dickinson. To secure the payment of this note, the plaintiff executed to Dickinson a chattel mortgage on personal property of the value of several hundred dollars. The plaintiff afterward paid the sum of $68 on the note. To obtain the balance due thereon the defendant seized the mortgaged property. The plaintiff thereupon brought an action of replevin and regained the possession. On the trial of the cause a jury was waived and a trial had to the court, which found in favor of the defendant, and found the value of his interest to be the sum of $42.25. The principal error relied upon is, that the finding is against the weight of evidence. The testimony tends to show that the only consideration for the note was the sum of $60, and it is therefore claimed that the contract is usurious. We think that usury is clearly proved, and if the action was between the original parties to the transaction this court would have no hesitancy in reversing the judgment. But DeRoe claims to be a *bona fide* purchaser of the note for value, before maturity, and without notice of any defense to the same. If this is true he would take the note free from the defense of usury. *Wortendyke v. Meehan,* 9 Neb., 229. The testimony upon this point is conflicting, there being some testimony tending to show that Dickinson was the agent of DeRoe. But the agency is positively de-

nied by witnesses who, if such agency existed, must have known of the same. The endorsement of the note by Dickinson and transmission of the same by him to DeRoe, and the endorsement by DeRoe to Dickinson for collection, are circumstances tending to show an agency, and were proper to submit to a court or jury as tending to establish that fact. But they are not conclusive, and are overcome by other testimony tending to show the good faith of the transaction. It would subserve no good purpose to review the testimony at length. The questions involved are purely of fact, and the finding will not be set aside unless it is clearly wrong. As it is not, the judgment must be affirmed.

JUDGMENT AFFIRMED.

COBB, CH. J., concurs.

REESE, J., having been counsel for defendant in error, did not sit.