*Benedict*, just decided, and the same judgment will be entered. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.

———————

JOHN SORENSON, PLAINTIFF IN ERROR, v. D. M. BENEDICT, DEFENDANT IN ERROR.

MAXWELL, J.

The questions presented in this case are substantially the same as those in *Peru Plow & Wheel Co. against Benedict*, just decided, and the same judgment will be entered. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.

———————

A. H. FLOATEN, · PLAINTIFF IN ERROR, v. GEORGE FERRELL, DEFENDANT IN ERROR.

1.  **Practice in Supreme Court.** Alleged errors of law occurring at the trial, in the exclusion of certain evidence, examined and overruled.

2.  **Injuries to Stock:** INSTRUCTIONS TO JURY. In an *action by* G. F. against A. H. F., for the negligent driving and management of a team of horses let for hire by G. F. to A. H. F., by means of which the team was driven upon a barb wire fence and injured, and where there was no evidence tending to connect G. F. in any manner with the existence of such fence, *Held*, Not

error on the part of the trial court to refuse to give an instruction to the jury tending to make the existence of such fence across the road an excuse or justification to A. H. F. for the injury.

3. **Trial:** DISCRETION OF COURT. Upon the trial of such cause, *Held,* To be within the legal discretion of the trial court to give or withhold from the jury questions for special findings of fact.

ERROR to the district court for Greeley county. Tried below before HARRISON, J.

*T. J. Doyle,* for plaintiff in error, cited: *Solomon v. Central Park & C. R. R.,* 1 Sweeney, 298. *Gonzales v. N. Y. & H. R. R.,* 38 N. Y., 440. *Lewis v. Baltimore & Ohio R. R.,* 13 Am. L. Register, 284. *Morse v. Minneapolis & St. L. Ry. Co.,* 16 N. W. Rep., 358.

*H. G. Beel,* for defendant in error.

COBB, J.

The defendant in error sued the plaintiff in error in the district court of Greeley county. The cause of action, or principal one, set out in the petition, and the one upon which the contention arises, is, damage to the mare of the defendant in error, let for hire to plaintiff in error, which damage was caused by the alleged negligently driving the team, of which the said mare constituted a part, into and upon a barbed wire fence, by means of which said mare was injured. The cause was tried to a jury, which found for the plaintiff below, and, allowing certain set-offs, assessed his damages at the sum of twenty-six dollars and seventy-eight cents, for which judgment was rendered, with costs.

The plaintiff in error makes the following assignments of error in this court:

"I. The court erred in sustaining objection of defendant in error, and excluding from the jury the following

Floaten v. Ferrell.

question and answer, found on page 38 of bill of excep-
tions, viz.: 'You may state with reference to the charac-
ter of the road here, and of the night, whether that is not
a road that would lead anyone into this wire fence, with
the exercise of ordinary and proper care?' Ans. 'If I
had been driving it would have led me in there; certainly,
that is a road that the team would keep.'

"II.  The court erred in sustaining objection of defend-
ant in error to the following question, found on page 49 of
bill of exceptions: 'Q. You may state how you was
driving on this particular occasion, as to prudence and
care?'

"III.  The court erred in sustaining objection of de-
fendant in error to the following question propounded to
L. J. Sloan, witness for plaintiff in error, found on pages
57 and 58 of bill of exceptions, viz.: 'From the location
of this road, the manner in which the fence was laid across
it, was it or was it not very dangerous to the travel at that
time?'

"IV.  The court erred in sustaining the objection of
defendant in error to the following question, propounded
to L. J. Sloan by plaintiff in error, found on page 59 of bill
of exceptions, viz.: 'Well, doctor, did you ever have any
trouble and difficulty at this point—that is, in the way of
running into a wire fence?'

"V.  The court erred in sustaining objection of defend-
ant in error to the following question of plaintiff in error,
propounded to P. J. Hurley, witness for plaintiff in error,
found on page 74 of bill of exceptions, viz.: 'You may
state if you have any special knowledge of your own which
causes you to know that a team coming from Spaulding
would take that course?'

"VI,  The court erred in refusing to give paragraphs
Nos. one and two of the instructions asked by the plaintiff
in error.

"VII.  The court erred in refusing to submit to the

jury special findings Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13, asked by the plaintiff in error.

"VIII.    The court erred in overruling the motion for a new trial.

"IX.    The verdict is contrary to the evidence."

It appears from the bill of exceptions that, on the 24th or 25th day of July, A. H. Floaten (defendant below) hired from George Ferrell (plaintiff below), who was a livery man, a covered carriage and team, consisting of two horses, a mare and a gelding, for the purpose of driving from Scotia, the place of residence of the parties, to Albion, and return, expecting to be gone about three days.    He took with him on said trip, in said carriage, Byner Lanagan and T. J. Doyle.    Returning from Albion, they stopped for supper at Spaulding, and were by some means detained so that they did not resume their journey until near nightfall.    For awhile Doyle drove the team, but it being somewhat dark, and he being unacquainted with the road, and as Lanagan knew the road better, they changed there, and Lanagan drove.    As they approached near to O'Connor they came to where the road had been changed, in consequence of a barbed wire fence, enclosing the cemetery, having been built across the old road, where, the driver mistaking the old and abandoned track for the new track leading to O'Connor, as then used, they ran upon and into the barbed wire fence, causing the injury to the mare. The negligence which constituted the cause of action, if there were any, consisted in the want of proper care in driving, whereby the driver failed to turn off upon the new track, but continued upon the old one, until the team struck the barbed wire fence.    It is not contended, nor could it be, as I think, that it was negligence *per se* to drive on the road in the night time, under the circumstances.    There is considerable testimony as to the condition of the road, and other conditions, tending to prove whether the failure of the driver to turn off upon the new

track, and so avoid the fence, was owing to a want of ordinary care and diligence, both *pro* and *con*. In testifying on this branch of the case the witnesses used a plat or diagram of the road and enclosure, which was also submitted to the jury in evidence, but it is not preserved in the bill of exceptions. The want of this diagram, together with the inherent difficulty of the case, places it out of my power to say that the jury had not sufficient evidence before them to sustain their finding, that the injury was caused by the negligence of the person responsible for the ordinarily careful driving and management of the team.

The first, second, and third assignments of error are directed to the exclusion of certain questions put by plaintiff in error to his witnesses, and their answers thereto, above set out in the assignments. This evidence was properly excluded, as its admission would be to substitute the judgment of the witness for that of the jury. This was not a question of science, or skill, hence the witnesses could only testify to facts, and it was for the jury to draw conclusions therefrom.

The fourth and fifth assignments are based upon the exclusion of the testimony of the witnesses Sloan and Hurley, as to their having experienced difficulty in keeping from running into the fence at the same place. This evidence was rightly rejected, for the obvious reason that to have admitted it would have been to shift the issue from the question of the negligence of the defendant to that of the care and diligence of the witnesses.

On the trial the defendant asked the court to give the following instructions, which, being refused, are made the basis of the sixth assignment of error :

"I. The court instructs you that a person traveling on a public highway has a right to presume the said highway is safe and open, and clear of obstructions, and in this state by statute the presumption is great, in view of the fact that all men are presumed to obey the law, and by

statute it is made a misdemeanor for any person to build a barb wire fence across or in any plain traveled road or track in common use, either public or private, without first putting up sufficient guards to prevent either man or beast from running into said fence.

"II.  And the court further instructs you that if you find from the evidence the road across which said wire fence was built, and on which said horse was hurt, and said road to a person traveling at night time was the plainest track, and if you find from the evidence there was not proper and sufficient guards put up to prevent either man or beast from running into said wire fence, then you will find that the defendant did not, nor any one acting for him, carelessly, negligently, and wrongfully drive into said wire fence, and if you so find then you find for the defendant."

Sections 108 and 109 of Chap. 78, Comp. Statutes, make it "unlawful for any person to build a barbed wire fence across, or in, any plain traveled road or track in common use, public or private, in this state, without first putting up sufficient guards to prevent either man or beast from running into said fence;" make the same a misdemeanor, finable in a sum not less than five dollars nor more than twenty-five dollars; and making the person so offending liable for all damages that may accrue to the party damaged by reason of any barbed wire fence.

Whatever might be the rule of law in a case arising between a person suffering damage by reason of a barbed wire fence erected across a road and the person responsible for the erection of such fence, it is certain that the mere existence of such obstruction is no excuse to the bailee of property for failing to exercise ordinary care and diligence, where the bailor is in no manner responsible for the existence of such fence.  The instructions were therefore properly refused.

On the trial, the defendant presented to the court, and

asked to have presented to the jury, certain questions for the special finding of facts, which the court refused to present; which refusal constitutes the seventh assignment of error.

Section 293 of the code provides that, " In every action for the recovery of money only, or specific real property, the jury in their discretion may render a general or special verdict. In all other cases, the court may direct the jury to find a special verdict in writing upon all or any of the issues; and in all cases may instruct them if they render a general verdict to find upon particular questions of fact to be stated in writing, and may direct a written finding thereon," etc.

Doubtless the case at bar would fall within the last clause of the statute as above quoted. We are cited to no case, nor do I know of any, in which said provision of statute has been construed. Upon first impressions only, and without authorities, or time for investigation, I must construe the language of the statute to confer a discretionary power upon trial courts, either to give or withhold questions for special findings of fact. Like other powers, the exercise of which are left to the discretion of courts, this is not to be abused, or exercised arbitrarily, or through caprice. But I do not think the case at bar one in which findings upon the several facts presented were necessary to the ends of justice, or a fair determination of the matter in litigation. The controlling question was that of negligence, or ordinary diligence. This question, when applied to the driving and management of a team of horses in the night time, and the keeping of a road which had been diverted from the old track and turned around a new enclosure, is one peculiarly adapted to a jury, and which may generally be left to them without resort to the analyses of facts by the process of special findings.

All the questions arising in the case, and proper for the determination of the jury, were properly submitted to

them by the court, and so far as I can see, were fairly considered, and I see no sufficient reason why the verdict should not be accepted as a final and just settlement of the controversy.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.