LINCOLN NATIONAL BANK, APPELLEE, v. R. L. DAVIS, APPELLANT.

1. **Usury:** ONUS PROBANDI. Where usury in the original transaction is shown, and where the note has been renewed a number of times, and usurious interest added to each renewal, and the note then transferred to one who claims to be a *bona fide* purchaser without notice, the burden of proof is on such party to show that he is such purchaser.

2. ———: BONA FIDE PURCHASER. A transaction by which a grossly usurious note was transferred to a third party, as alleged

before due, for a valuable consideration, but in which neither the seller nor buyer can state what had been paid or the manner of paying the same, fails to establish a *bona fide* purchase.

APPEAL from the district court of Butler county. Heard below before POST, J.

*Steele Bros.*, for appellant, cited: *Packwood v. Gridley*, 39 Ill., 388. *Musselman v. McElhenny*, 23 Ind., 4. 2 Daniel on Negotiable Instruments, Sec. 815. *Wortendyke v. Meehan*, 9 Neb., 229. *Crandall v. Vickery*, 45 Barbour, 156. *Dresser v. Mo., etc., R. R. Co.*, 93 U. S., 92.

*Matt Miller* and *J. C. Robberts*, for appellee, cited: *Crosby v. Grant*, 36 N. H., 273. *Dobbins v. Oberman*, 17 Neb., 163. 1 Daniel Negotiable Instruments, Sec. 28.

MAXWELL, J.

This action was brought in the district court of Butler county to foreclose a chattel mortgage, and a decree of foreclosure and sale was entered in favor of said plaintiff for the sum of $670.43 and costs. The defendant appeals.

The defense is stated in his answer, as follows: "The defendant alleges that, on January 6, 1883, he borrowed of Z. T. Nelson the sum of $185, and no more, and gave the said Z. T. Nelson a note for the sum of $222, due in six months from date; that there was no other consideration for said note than the $185 so borrowed, and by agreement of the said Z. T. Nelson and this defendant the sum of $37 was added into said note as interest on said $185 so borrowed for the period of six months; that on June 7, 1883, defendant renewed said note with said Z. T. Nelson, and in lieu thereof gave the said Z. T. Nelson another note, due in less than four months from date, for the sum of $263, defendant receiving no other consideration for said renewed note than the extension of time on the first one as above stated, and by agreement of the same parties

the renewed note was given for $41 more than the first note, as interest for the period of less than four months on said money borrowed of said Z. T. Nelson by defendant as aforesaid; that on October 1, 1883, defendant again renewed the note last given and representing said indebtedness, and at that time, and in lieu of the note last given as above stated, and without any new or other consideration, and at the instance and request of the said Z. T. Nelson, then executed and delivered a note to M. F. Nelson, the wife of the said Z. T. Nelson, for the sum of $299.88, due in ninety days from date, and by agreement of the parties there was then added into said note as interest for said ninety days the sum of $36.88, for the use of said money so borrowed as aforesaid; that on January 7, 1884, defendant paid the said M. F. Nelson on said note the sum of $50, and renewed the balance of said indebtedness by giving her another note, without any consideration, for the sum of $320.91, due in six months from that date, the interest on said money so borrowed for the said six months being the only item or thing that increased said note.

"That on July 2, 1884, defendant again renewed the evidence of said indebtedness by giving the said M. F. Nelson his promissory note, due in six months, without any new consideration (and in lieu of the said note which matured July 7, 1884), for the sum of $389.87; that the only thing that increased said note was interest added for the use of said money so borrowed; that for said time there was added to the amount of the former note $68.96, as interest for the loan or forbearance of said money for six months; that on the note last given as aforesaid this defendant paid, in the month of November, 1884, the exact day being unknown, the sum of $49.

" That on January 10, 1885, defendant paid on said indebtedness and last note described the sum of $55, and then got another extension of the time of payment of the balance of said indebtedness, and then, without any new con-

sideration, gave, in lieu of said last described note, another note for $457.74, in favor of said M. F. Nelson, and that the said note matured in six months from its date, and the only thing that increased said note was interest added thereon.

"That on July 2, 1885, defendant procured another extension of the time of payment of the balance of said indebtedness, and then, in lieu of said last described note, gave the said M. F. Nelson another note for $547.75, due in four months from date; that the amount of said note, over and above the amount of the note renewed thereby, as aforesaid, was interest added therein for the use of said money for said time; that on November 28, 1885, defendant paid on said indebtedness and on the note last described the sum of $100, and gave the said M. F. Nelson, without any new consideration, another note, in lieu of the one last described, due in sixty days from that date, for the sum of $503.28 ; that the increased amount of said note so given was interest added therein for the use of said money claimed to be owing to the said M. F. Nelson; that on Feb. 1, 1886, the defendant, without any new consideration, gave the note in question as a renewal of said last described note, and thereby received an extension of time of payment for sixty days from that date on the said indebtedness claimed to be due the said M. F. Nelson; that the increased amount of said last note was only for interest added therein for said sixty days..

"Defendant therefore charges that the only consideration for said note was the $185 borrowed January 8, 1883; that he has paid on said indebtedness, as hereinbefore stated, the sum of $254, all of which was paid before the execution and delivery of the note sued on."

The testimony fully sustains the answer as to the usurious character of the contract. Mr. Boggs, who testifies on behalf of the bank, states, in substance, that he was the cashier of the bank, and that the note in question, with

some others, was sent to him in a letter four or five days before it was due; that he discounted it and returned the note to the endorser for collection. He is unable to state, however, what he paid for the note, or to state facts showing the bank to be a *bona fide* purchaser, while Mr. Z. T. Nelson, who endorsed both his wife's name and his own on the note, testifies: " I sold it (the note) to them between the 20th and 31st of March, 1886; I do not remember how much they paid me for it; I don't remember whether they paid me money for it, or gave my account credit for it."·

In *Wortendyke v. Meehan*, 9 Neb., 221, it was held that where usury in the original transaction is proved, the burden of proof is on the plaintiff to show that he is a *bona fide* purchaser for value, and without notice. To the same effect: *Evans v. DeRoe*, 15 Neb., 630. *Darst v. Backus*, 18 Id., 231.

In *Crandall v. Vickery*, 45 Barb., 156, one Holdridge had obtained the endorsement by Vickery of his (Holdridge's) notes, by false and fraudulent representations; these notes were transferred to Crandell without notice of the fraud, he giving to Holdridge several checks for the amount, with the understanding that they were not to be presented for payment, but when the money was wanted he was to give new checks, as needed. Before giving the new checks, Crandell was informed of the fraud, and requested not to make payment or give his check. He disregarded this notice, gave his new checks according to the agreement, and brought suit on the notes against Vickery, the endorser. The court held that he was not a *bona fide* holder. ·

In *Dresser v. Mo., etc., R. R. Co.*, 93 U. S., 92, it was held that a *bona fide* holder of negotiable paper purchased before its maturity, upon an unexecuted contract on which part payment only had been made, when he received notice of fraud and a prohibition to pay, is protected only to the amount paid before the receipt of such notice. In the

opinion the court say : " As to what he pays after notice, he is not a purchaser in good faith. He pays with knowledge of the fraud, to which he becomes a consenting party. One who pays with knowledge of the fraud is in no better position than if he had not paid at all. He has no greater equity, and receives no greater protection."

Even where a *bona fide* holder takes a note misappropriated, fraudulently obtained, or without consideration, as collateral security, he holds it for the amount advanced upon it, and no more. *Williams v. Smith*, 2 Hill, 301. *Allaire v. Hartshorn*, 1 Zabr., 663. *Crandall v. Vickery*, 45 Barb., 156. *Rogers v. Morton*, 12 Wend., 484. Many other cases to the same effect might be cited. The law regulating the rate of interest is one to be observed like any other statute. Where, however, usurious interest has been taken, the law imposes a penalty upon the lender, of the loss of all interest and costs of suit. This he cannot evade by a mere transfer of the obligation. The purchaser must, in fact, have become the owner, and the consideration actually paid, and it must have been purchased before due, and without notice of a defense to it. A transfer where neither the buyer or the seller can tell what was paid for the note, and where the note, immediately after its receipt, was returned to the seller for collection or other purposes, falls far short of showing a *bona fide* transaction.

The evidence, therefore, fails to show that the bank purchased the note in good faith. It also does show that it is amply protected by the broad guaranty of the endorser, in case it fails to recover on the note in question. As the evidence shows that $254 has been paid, which is in excess of the principal loan, the debt has been fully satisfied, and the plaintiff can recover nothing.

The judgment of the district court is reversed, and the action dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.