FIRST NATIONAL BANK OF NORTH BEND V. GEORGE MILTONBERGER.

[FILED JANUARY 27, 1892.]

1. **Pleading:** MISJOINDER OF CAUSES: CANNOT BE FIRST RAISED IN SUPREME COURT.   This court will not notice an objection to a petition on the ground that two causes of action are improperly joined, unless such objection was made in the trial court.

2. **Usury:** NATIONAL BANKS: SALE OF NOTE BY PAYEE: EVIDENCE.   In an action against a national bank to recover double the amount of interest paid on a usurious contract, defendant contended that it had sold and  assigned  the usurious note to another bank and that in collecting the face of the note from the maker it was acting merely as the agent of the other bank. *Held*, First, the defendant might evade the penalty for usury by proof of a sale and assignment in good faith of the usurious note; second, the mere assignment of the note by the defendant bank in such case raises no presumption in its own favor of an absolute sale thereof.

3. ———: PAYMENTS APPLIED ON PRINCIPAL. In the absence of an agreement or understanding to the contrary, payments on a usurious contract will be applied on the principal debt and not on the usury.

4. **Error Without Prejudice.** A judgment will not be reversed for errors which an examination of the record shows are not prejudicial to the party complaining.

5. ———: SPECIAL FINDINGS. Where special findings are requested in the form of questions for the jury, but such questions or findings do not cover the entire case, and the general verdict may stand although the questions may be answered in the way most favorable to the party offering them, it is not error for the court to refuse to submit them to the jury.

ERROR to the district court for Dodge county. Tried below before MARSHALL, J.

*D. M. Strong,* and *Phelps & Sabin,* for plaintiffs in error, cited, as to misjoinder: *Barnet v. Bank,* 98 U. S., 555; *Natl. Bank v. Dearing,* 91 Id., 29; *Stafford v. Ingersol,* 3 Hill [N. Y.], 38; 1 Hilliard, Torts, 103, and cases; *Alma v. Harris,* 5 Johns. [N. Y.], 175; *Edwards v. Davis,* 16 Id., 281; *Clark v. Brown,* 18 Wend. [N. Y.], 220; *Cornell v. Turnpike Co.,* 25 Id., 367; *Swift v. Dewey,* 20 Neb., 111; *Com'rs v. Bank,* 32 O. St., 200; *Rex v. Robinson,* 2 Burr. [Eng.], 803.

*Frick, Dolezal & Stinson,* contra, cited, as to misjoinder: *King v. Farmer,* 88 N. Car., 22; *Scott v. Robars,* 67 Mo., 289; *Young v. Young,* 81 N. Car., 91; *Lincoln Natl. Bank v. Davis,* 25 Neb., 381. As to the application of payments: *Knox v. Williams,* 24 Neb., 630; *Bank of Cadiz v. Slemmons,* 34 O. St., 142; *Edward v. Rumph,* 3 S. W. Rep. [Ark.], 635; *Dell v. Oppenheimer,* 9 Neb., 457.

POST, J.

This was an action brought in the district court of Dodge county by defendant in error under the provisions of sec-

tions 5197 and 5198 Revised Statutes of the United States, to recover double the amount of usurious interest alleged to have been paid by him on account of a loan from plaintiff in error on the 14th day of November, 1885, also for the conversion of certain notes assigned and delivered by him to the plaintiff in error as collateral security for the loan aforesaid.

The first contention in plaintiff's brief is that the two causes of action cannot be joined under the Code, and that the district court erred in overruling a demurrer to the petition on that ground. A careful inspection of the record discloses the fact that no objection was made to the second amended petition on that ground. It is true a demurrer was interposed to the original petition, which was sustained, and also to the first amended petition, which was overruled. Subsequently, however, plaintiff in error filed its motion to require the plaintiff below to make his said petition more specific, which motion was sustained, and leave given to file an amended petition within thirty days. To this second amended petition plaintiff in error filed a motion for a more specific statement, which was overruled. It then filed its answer without further objection. The district court had jurisdiction of both causes of action and we must presume that plaintiff in error was satisfied to have them joined. This court will not notice alleged errors to which no exception was taken in the trial court. (*Pettit v. Black*, 13 Neb., 142; *Dutcher v. State*, 16 Id., 30; *Warrick v. Rounds*, 17 Id., 411.)

The plaintiff in error requested the following instruction: "The jury are instructed that when the transfer of a negotiable promissory note in the usual course of business for a valuable consideration is proved, the law presumes that such transfer was for a lawful purpose, and such presumption cannot be overcome without positive and clear evidence," which request was refused, and of that ruling it now complains. In this connection it should be

57

noted that there had been several successive renewals of the note given for the original loan prior to September 14, 1886, on which day the last note for $677.65 was executed, and maturing in sixty days. This note was amply secured by collateral notes, which matured about the time of the principal note. A day or two previous to the maturity of the $677.65 note plaintiff in error assigned and delivered it to the First National Bank of Schuyler, by which it was immediately returned to plaintiff in error at North Bend for collection, and a sufficient amount of the proceeds of the collaterals applied to pay and satisfy it, which was done January 12, 1887. The contention of plaintiff in error was that it had in good faith sold the note in question, and that in making the collection it was acting merely as the agent of the First National Bank of Schuyler. The contention of defendant in error was that the assignment to the First National Bank of Schuyler was not in fact a sale in good faith, but a mere shift in order to evade the penalty for usury.

The trial court, upon refusing the request of plaintiff in error, instructed the jury to the effect that the burden was upon the defendant below to prove that the sale and transfer of the note in question was in good faith, and that said note was, at the time of payment thereof, the property of the First National Bank of Schuyler. On this branch of the case the only question was the ownership of the note, since the proof of usury is clear; in fact, it is not seriously controverted. Had the Schuyler bank been the plaintiff seeking to recover on the note, a different question would have been presented. In that case the presumption of good faith would have been available in its favor until proof of usury, but no longer. (*Lincoln National Bank v. Davis*, 25 Neb., 381.) The trial court, in the instruction given, clearly recognized the right of plaintiff in error to evade the penalty of usury by selling and disposing of the note in good faith. It also held, and rightly, we think, that

the presumption of ownership in favor of the indorsee of negotiable paper did not apply to plaintiff in error. In other words, that the bare indorsement of a note in the usual course of business by a national bank raises no presumption in its own favor as against the maker thereof from whom it has collected usurious interest, but that ownership in a third party at the time it demanded and received payment must, like other defenses, be proved by the bank. There was, therefore, no error in the refusing of the instruction asked by plaintiff in error, and the giving of the one on the same subject by the court.

The district court, on its own motion, gave the following instruction: "You are instructed, as a matter of law, that payments made, generally, upon a usurious loan are not to be taken as payments upon the usury of the loan, so that if you should find from the evidence and under the instructions given you that payments were made on the loan to defendant generally, and that said loan was usurious, then and in such an event you cannot consider such payments as payments of the usury alone, unless you further find from the evidence that plaintiff expressly agreed or assented that such payments were to be payments of the usury." Plaintiff in error requested an instruction to the effect that payment, in the absence of any understanding or direction to the contrary, will be presumed to be a payment, first, of the interest, and the balance, if any, to be applied upon the principal debt. To the giving of the one and the refusal of the other plaintiff in error now complains. The instruction given correctly states the law, and there is no error in the ruling complained of. (*Knox v. Williams*, 24 Neb., 630.)

Complaint is made of the refusal to give the following instruction: "If the jury find that a witness has deliberately sworn falsely as to any material fact in the case, it is the right of the jury to disregard all the statements of such witness, except such statements are corroborated by other good and respectable witnesses." The refusal to give this

instruction is, at most, error without prejudice. While it is true there was a conflict between the witnesses, it appears that the jury must have credited the witnesses for the plaintiff below. From a careful reading of the entire bill of exceptions we are unable to point out any witness to whose testimony the rule announced in the instruction should be applied in view of the finding of the jury.

Plaintiff in error requested the court to submit to the jury certain special findings, which request was refused. In *Floaten v. Ferrell*, 24 Neb., 347, it was held to be within the discretion of the trial court to submit or refuse special findings. The findings, seven in number, were properly refused. Section 292 of the Code provides that a special verdict must present the facts as established by the evidence, and not the evidence to prove them, and they must be so presented as that nothing remains to the court but to draw from them conclusions of law. If the jury had, in response to the several questions, given the most favorable answers of which they were susceptible, in favor of the plaintiff in error, still they would in no sense have been decisive of the case. The general verdict might still have been sustained. There was no error in the refusal of the court to submit them.

Finally, it was alleged that the court erred in allowing one of the witnesses for the plaintiff below to testify to the amount due on a certain note. There seems to be no doubt that the calculation of the witness was correct, and that the jury should have calculated it in the same manner and with the same result. Plaintiff in error cannot complain of a ruling which is not prejudicial. The judgment is

AFFIRMED.

THE other judges concur.