J. W. TOMBLIN V. JONATHAN HIGGINS.

FILED DECEMBER 21, 1897.  No. 7629.

Usury: ACTION FOR INTEREST. The defense of usury is available in an action by a national bank for the recovery of unpaid interest where the rate contracted for by it is in excess of that prescribed by the act of congress. (*Norfolk Nat. Bank v. Schwenk,* 46 Neb. 381.)

ERROR from the district court of Furnas county. Tried below before WELTY, J.  *Affirmed.*

*W. S. Morlan,* for plaintiff in error.

*J. H. Broady, contra.*

POST, C. J.

This cause was commenced in the county court of Furnas county, where the plaintiff in error sued to recover from the defendant in error as maker of a promissory note for $500, bearing date of March 14, 1891, and payable March 14, 1892, with interest from date, to the order of "J. W. Tomblin, Pt." A trial upon issue joined resulted in a judgment for the defendant, from which an appeal was prosecuted to the district court, where, to the petition in the usual form in like actions, an answer was interposed in which it was alleged that the First National Bank of Arapahoe was the real party in interest, and that in the execution and delivery of the note in suit, as well as in the several antecedent transactions furnishing the pretended consideration therefor, the plaintiff acted as the trustee for said bank. Said allegation was accompanied by a statement in detail of the transactions between the defendant and the bank, resulting in the execution of this note, which are in brief the loaning by the latter to the former of a large sum of money at a usurious rate of interest, the renewal from time to time of the notes given therefor at a usurious rate of interest, and the payment upon said notes and renewals thereof of a sum largely exceeding the money loaned. It was further expressly charged that the note in suit was given for usurious interest which had accrued on the original loan and renewal notes given therefor, and for no other or different consideration whatever. The plaintiff replied, (1) denying the allegations of the answer except such as were therein confessed; (2) alleging that the note in suit was given for a part of the balance found

to be due from defendant upon final settlement previously had of all matters of difference between the parties. A trial was had of the issues thus presented in the month of October, 1893, resulting in a verdict for the plaintiff, which was, however, set aside on motion of the defendant. Subsequently the plaintiff, by leave of court, filed an amended petition alleging the execution of the note to him as agent and president of the bank above named and in its behalf. To this petition the defendant answered, (1) admitting the execution of the note, and, in effect, denying the other allegations thereof; (2) alleging the usury of the original loan and renewals thereof, including the note in suit; (3) alleging that the bank, if the party in interest in said transaction, is now estopped to assert any right in that behalf, for the reason that said note was taken by said bank in the name of plaintiff with the fraudulent purpose of evading the penalty imposed by act of congress for the taking or reserving of usurious interest by national banks. In the reply subsequently filed, after a denial of the new matter in the answer, it is alleged, in substance, that the security held by the bank for the indebtedness of defendant being deemed insufficient, an arrangement was made whereby the notes representing such indebtedness should be reduced to the extent of $500, and a new and separate note executed for that amount that pursuant to such agreement the note in suit was executed as payment *pro tanto* and the sum of $500 credited upon defendant's notes so held by the bank. A second trial was had to the court without the assistance of a jury, resulting in a finding and judgment for the defendant, from which the plaintiff prosecutes error to this court.

It is, in the view we take of the record, necessary to notice a single one of the several questions argued by counsel, viz., that of the consideration for the note which is the subject of this controversy. If, as contended by defendant, the sole and only consideration therefor is interest on his apparent indebtedness to the bank, being

a balance of principal and interest of a loan confessedly usurious, it follows that the judgment should be affirmed, since the utmost that can be claimed in behalf of the plaintiff under the averments of his pleadings, is that he stands as the representative of the bank. It has been settled by repeated decisions of this court that the plea of usury is good in an action by a national bank as to unpaid interest where the contract rate exceeds that prescribed by the national banking act. . (*Hall v. First Nat. Bank of Fairbury*, 30 Neb. 99; *McGhee v. First Nat. Bank of Tobias*, 40 Neb. 92; *Norfolk Nat. Bank v. Schwenk*, 46 Neb. 381.)

The evidence bearing upon the question under discussion is somewhat confusing, and involves transactions so numerous and intricate as to render even the briefest possible synopsis thereof impracticable in this connection. There certainly is evidence tending to sustain the contention that the note represents interest on the usurious loan, and positive proof that it is otherwise without any consideration whatever. We are unable to perceive any sufficient ground.for interference with the finding of the district court.

JUDGMENT AFFIRMED.