J. W. TOMBLIN V. JONATHAN HIGGINS.

FILED MARCH 22, 1899.    No. 7629.

1. **Payments on Usurious Note:** CREDIT ON PRINCIPAL. Payments on
a promissory note which includes usurious interest should be
credited upon the principal of said note, whether such payment
be in the form of cash or of an independent note.

2. ――――: ――――. Where the note sued on is one which was given
to obtain a credit actually indorsed upon a note which included
usurious interest, this credit should be deemed to be upon the
principal, rather than in extinguishment of the usurious interest
on the note whereon said payment was indorsed, and accordingly
it is *held* that the usury referred to does not render invalid the
note sued upon.

REHEARING of case reported in 53 Neb. 92. *Reversed.*

*W. S. Morlan,* for plaintiff in error:

The court will apply all payments upon usurious loans
as payments on the principal. (*Wright v. Laing,* 3 Barn.
& C. [Eng.] 165; *Rohan v. Hanson,* 11 Cush. [Mass.] 44;
*Keane v. Braden,* 12 La. Ann. 20; *Storer v. Haskell,* 50 Vt.
341; *Turner v. Turner,* 80 Va. 379; *Nelson v. Hurford,* 11
Neb. 465; *Knox v. Williams,* 24 Neb. 630; *Exeter Nat. Bank
v. Orchard,* 39 Neb. 485; *Norfolk Nat. Bank v. Schwenk,* 46
Neb. 381; *Lanham v. First Nat. Bank of Crete,* 46 Neb. 663;
*Montgomery v. Albion Nat. Bank,* 50 Neb. 652; *Hall v. First
Nat. Bank of Fairfield,* 30 Neb. 99; *McGhee v. First Nat.
Bank of Tobias,* 40 Neb. 92.)

*J. H. Broady,* contra.

References: *Floyer v. Edwards,* 1 Cowp. [Eng.] 112;
*Scott v. Lloyd,* 9 Pet. [U. S.] 446; *Knox v. Williams,* 24 Neb.
630; *Nelson v. Hurford,* 11 Neb. 465; *Walker v. Bank of
Washington,* 3 How. [U. S.] 62; *Snyder v. Mt. Sterling Nat.
Bank,* 21 S. W. Rep. [Ky.] 1050; *McDonald v. Aufdengarten,*
41 Neb. 40; *Peterborough v. Childs,* 133 Mass. 248; *Brewster
v. Bank of Ainsworth,* 43 Neb. 79; *Neal v. Rouse,* 19 S. W.

Rep. [Ky.] 171; *Davis v. Wakelee*, 156 U. S. 680; *McCul-loch v. Maryland*, 4 Wheat. [U. S.] 316; *Osborne v. Bank of United States*, 9 Wheat. [U. S.] 738; *Doyle v. Holland*, 39 Neb. 87; *Coffman v. Miller*, 26 Gratt. [Va.] 701; *Walker v. Bank of Washington*, 3 How. [U. S.] 62; *Barnet v. Second Nat. Bank*, 98 U. S. 558; *Dreiseback v. Second Nat. Bank*, 104 U. S. 52; *Stephens v. Monongehala Nat. Bank*, 111 U. S. 197.

Ryan, C.

In this case an opinion has already been written which was reported in 53 Neb. 92. A rehearing was after-ward allowed, and the cause having been reargued, we shall state the conclusion which we have reached and our reasons therefor. The condition of the issues pre-sented is correctly set forth in the opinion above referred to and need not now be described. A very careful exam-ination of the evidence has led us to conclude that by the tangled and numerous transactions involved we were led into an error on the first consideration of this case. The note sued on was dated March 14, 1891, and was due one day after date. It was for $500 and was made by Jonathan Higgins to J. W. Tomblin, Pt. This abbrevia-tion referred to the official relation which Tomblin sus-tained to the First National Bank of Arapahoe, which was that of president, and to him as such representative of the bank the note was given. In respect to the history of this note Mr. Higgins testified that the cashier of the said bank agreed to let him have $500 or $1,000 to invest in cattle; that Higgins should take $500 and buy cattle with it, and when that was done, Higgins should mort-gage the cattle and obtain $500 more to buy cattle with; that he bought the first $500 worth of cattle and went for the second $500 after this purchase, and the cashier or president of the bank then told witness that he could not have the other $500 unless he gave an additional note to credit on his existing mortgage note to the bank. In

26

explanation of this requirement Mr. Higgins testified that when he gave the note for $3,500 he honestly represented to the bank authorities that there was a prior mortgage on the real property $500 less in amount than it really was, and that the bank, having learned of this mistake when he came for the second $500 loan, required him to give a note for $500 so as to lessen the $3,500 loan that amount. This $500 note was secured by a chattel mortgage, and in consideration of its being given the $3,500 note was credited $500. The $3,500 note was the net result of several successive usurious loans from the bank to Higgins, but as he testified that all the interest on these loans, except $500, had been actually paid before the credit on the $3,500 note of $500, the question presented is whether this $500 credit is to be deemed solely applicable to the discharge of the $500 usury included in the $3,500 note, and, therefore, that the note of $500 be deemed invalid, or, on the other hand, should this $500 credit be applied on the principal of the $3,500 note? If the payment had been of $500 in cash the credit would have been applied on the principal rather than in extinguishment of interest. (*Nelson v. Hurford*, 11 Neb. 465; *Knox v. Williams*, 24 Neb. 630; *Exeter Nat. Bank v. Orchard*, 39 Neb. 485; *Norfolk Nat. Bank v. Schwenk*, 46 Neb. 381.) We can see no good reason why this rule should be departed from in this instance, when the sole effect of such departure would be to invalidate the note sued on. The parties treated this note as a payment, and it was so credited. In the above views we differ from the district court, and accordingly its judgment is reversed.

REVERSED AND REMANDED.