NATIONAL BANK OF ASHLAND, APPELLEE, v. JOHN S. COOPER, APPELLANT.

FILED MAY 20, 1910. No. 16,049.

1. **Appeal:** TRIAL TO COURT: FINDINGS. In an action at law tried to the judge of the district court, his findings and judgment are entitled to the same weight and consideration as is the verdict of a jury.

2. ———: CONFLICTING EVIDENCE. In such a case, where the evidence is conflicting, the judgment will not be set aside by a reviewing court unless it is clearly wrong.

3. **Evidence**: CONVERSATIONS BY TELEPHONE: ADMISSIBILITY. The conversations, relating to a contract, had between the parties thereto by telephone may be received in evidence, where the witness testifies positively that he recognized the person, with whom he was talking, by his voice; and the probative force of such evidence is a question for the determination of the court or jury, as the case may be.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Lambert & Winters,* for appellant.

*J. J. O'Connor,* contra.

BARNES, J.

Action in the district court for Douglas county on an alleged acceptance or promise to pay a bank draft. The plaintiff had judgment, and the defendant has appealed. The trial was to the court without the intervention of a jury, and the finding was a general one in favor of the plaintiff.

Defendant's first contention is that the evidence is not sufficient to sustain the judgment. It appears from the plaintiff's evidence that on the 25th day of March, 1905, one C. L. Andres, who was engaged in buying horses in Ashland and vicinity, called on the plaintiff, the national bank of that city, and informed the cashier of that institution that he was buying horses for the defendant, John S. Cooper, who was engaged in that business in South Omaha, Nebraska; that he would need the sum of $500; that the defendant would honor his draft for that amount, and would telephone the bank to that effect; afterwards, and on the same day, plaintiff received a telephone call from defendant Cooper, at South Omaha; its cashier, one White, responded to the call, and was informed by one Jones, who it is admitted is the defendant's bookkeeper, that Cooper would honor Andres' draft for $500; that when Andres returned to the bank the draft in question was prepared and signed by him, and he was

paid at that time $130, and credit was given him for $370, the balance due thereon; that a few days thereafter Andres checked out his balance, and thereupon plaintiff sent the .draft to a bank in South Omaha for collection; that payment was refused, the draft went to protest, and suit was immediately commenced thereon. Plaintiff's cashier, White, testified that he knew it was defendant's bookkeeper who conversed with him by telephone, because he recognized his voice. The witness also testified that immediately after the draft was protested he had a conversation by telephone with one George Smith, the defendant's manager in South Omaha, in which he asked Smith why the draft had not been paid; that the reply was, in substance, that they had not received any horses yet from Andres, but that when they got the horses the draft would be honored. The president of the plaintiff bank, one Randall K. Brown, who resides in Omaha, also testified that he called up the defendant, John S. Cooper of South Omaha, by telephone, and was answered by Smith, the defendant's manager; that he asked him why the draft had not been paid, and was informed, in substance, that they had not received any horses from Andres; that the draft had been ordered on condition that they should receive the horses, and if they secured them the draft would be paid. On the other hand, both Jones and Smith denied that they ever ordered the draft, or ever had any business transactions with Andres, or that he was ever authorized by them to purchase horses in any manner whatever. They also denied that they ever had any conversation with the plaintiff or any of its officers, or any one representing it, by telephone at any time, and denied any knowledge of the transaction.

The judge of the district court evidently disbelieved the defendant's witnesses, and in this conclusion we think he was fully justified. The rule is settled beyond question, in this jurisdiction, that when an action at law is tried without the intervention of a jury the findings of the trial court are entitled to the same consideration by

the appellate court as is the verdict of a jury. *Evans v. DeRoe,* 15 Neb. 630. It is also well settled that a verdict based on conflicting evidence will not be set aside unless it is clearly wrong. *Woods v. Hart,* 50 Neb. 497.

Defendant's last contention is that the court erred in receiving the plaintiff's evidence of conversations with defendant's bookkeeper and manager by telephone. Counsel cites no authorities to sustain this contention, but relies on his assertion that sufficient foundation was not laid to render the evidence competent. It may be stated, however, that the record shows that plaintiff's cashier, when he talked with defendant's bookkeeper, recognized him by his voice as the person who had authorized the draft in question, and he so testified. The same may be said of the evidence of witness Brown as to his conversation with the defendant's manager, Smith. We are therefore of opinion that the evidence in question was properly received, and its probative force was a matter for the determination of the trial court. *Galt v. Woliver,* 103 Ill. App. 71; *McCarthy v. Peach,* 186 Mass. 67.

This disposes of the questions presented by the appeal, and, finding no reversible error in the record, the judgment of the district court is

AFFIRMED.