JAMES DAILEY ET AL., APPELLANTS, V. A. C. NELSEN CO., A NEBRASKA CORPORATION, APPELLEE.

136 N. W. 2d 186

Filed July 2, 1965. No. 35934.

Barney, Carter & Buchholz and Herbert M. Brugh, for appellants.

Luebs, Elson, Tracy & Huebner and Edward Shafton, for appellee.

Heard before WHITE, C. J., BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and WESTERMARK, District Judge.

McCOWN, J.

This action was originally filed September 6, 1963, to void a conditional sales contract and other documents executed under the 1959 Nebraska Installment Sales Act; to obtain a certificate of title to the mobile home involved; and to recover all payments made under the contract.

Thereafter, L. B. 17 of the Seventy-fourth (Extraordinary) Session of the Legislature was passed, effective November 15, 1963, which applied retroactively to transactions prior to its effective date. On June 1, 1964, an amended petition was filed asking a declaratory judgment determining the respective rights and liabilities of the parties. The district court, after hearing and trial, entered its order dismissing the plaintiffs' amended petition, and plaintiffs have appealed.

The basic issue in this case involves the application and effect of L. B. 17 which, as to matters relevant here, amended sections 45-138, 45-154, and 45-155, R.. R. S. 1943.

Section 45-138, R. R. S. 1943, as to its relevant amended provisions reads: "Any contract of loan made in violation of this section, either knowingly or without the exercise of due care to prevent the same, shall not on that account be void, but the licensee shall have no right to collect or receive any interest or charges on such loan. If any interest or other charges have been collected, the licensee shall forfeit and refund to the borrower all interest and other charges collected on the loan involved."

Section 45-154, R. R. S. 1943, as amended reads: "Any contract of loan, in the making or collection of which any act is done which constitutes a misdemeanor under section 45-153, shall not on that account be void, but the lender shall have no right to collect or receive any interest or charges whatsoever. If any interest or other charges have been collected, the lender shall forfeit and refund to the borrower all interest and other charges collected on the loan involved."

Section 45-155, R. R. S. 1943, as amended reads: "Violation of sections 45-114 to 45-155 in connection with any indebtedness, however acquired, shall not render such indebtedness void and uncollectible. If however, any interest or other charges have been collected on such indebtedness, all interest and other charges shall be forfeited and refunded."

L. B. 17 has been sustained by this court as constitutional. Davis v. General Motors Acceptance Corporation, 176 Neb. 865, 127 N. W. 2d 907.

This court previously held that a contract in compliance with the 1959 Nebraska Installment Sales Act was not a bona fide time sale under circumstances similar to those in the case here. See Elder v. Doerr, 175 Neb. 483, 122 N. W. 2d 528.

Section 5 of L. B. 17 provides that except as to those transactions on which an action at law or in equity has been reduced to a final judgment as of the effective date of the act, the penalty provisions of L. B. 17 shall apply to all transactions made prior to its effective date. Here the transaction had not been reduced to final judgment and L. B. 17 specifically applied.

It is the contention of the plaintiffs here that where the rate of interest is in excess of the allowable legal rate, the ordinary rule applied to contracts generally requires that each payment on the contract or debt shall be applied first to the interest then due at the rate revealed by the contract, and the remaining balance applied to the reduction of principal to determine what amount shall be forfeited and refunded to the borrower under the provisions of L. B. 17.

The particular contract in question merely provided for specific amounts of monthly installment payments to be made on the contract with no reference as to whether such installments were principal or finance charges or interest. The contract does contain a provision that the buyer may prepay the contract in full or in part at any time before maturity and upon any such payment shall receive a refund credit as provided by the Nebraska Installment Sales Act.

By the enactment of L. B. 17, it is clear that the Legislature intended that usurious contracts or indebtedness should be collectible to the extent of the principal, but that any usurious interest or other charges should be forfeited to the borrower. This is in accordance with section 45-105, R. R. S. 1943, dealing with the general usury penalty.

The provisions of L. B. 17 requiring the forfeiture and refund to the borrower of all interest and other charges does specifically grant a right of recovery more extensive than provided in section 45-105, R. R. S. 1943. This court held early that under the provisions of section 45-105, R. R. S. 1943, an action could not be maintained to

recover usurious interest after a note had been paid, and that usury once paid could not be recovered in an independent action. The provisions of L. B. 17 clearly now extend the borrower's right to recover usurious interest and charges even though the entire contract or loan has been fully paid.

The essential point of the controversy here is how each installment payment, required to be made under a usurious contract or loan, shall be applied, as between interest and principal, where the contract is silent on the point, and there is no evidence of any agreement between the parties.

It is quite true that the general rule is that on an installment debt or contract, each payment is ordinarily applied first to the interest due and the balance to principal. There is, however, a specific and very well recognized exception to this rule which applies in usury cases. In the instant case, the plaintiffs' pleading is, of course, that the contract here constituted a usurious installment loan within previous opinions of this court, and this opinion proceeds on the assumption that it was.

The general rule which applies in usury cases where the statute provides for forfeiture of all interest has been stated as follows: "Where the statute declares that the penalty of usury shall be the forfeiture of all interest contracted to be paid, the lender has a right of action on the usurious contract, and may, in such action, recover the sum actually lent or paid, but can recover no interest, and any payments already made on the usurious contract will be credited as payments on the amount legally due, that is, on the principal. This rule holds good as long as any part of the debt remains unpaid, even though the statute makes no provision for recovering usurious interest voluntarily paid." 91 C. J. S., Usury, § 80, p. 659. See, also, 55 Am. Jur., Usury, § 151, p. 428; 91 C. J. S., Usury, § 92, p. 675.

In 40 Am. Jur., Payment, § 136, p. 808, it is stated: "The principle of law which applies unappropriated pay-

ments first to discharge the interest due, and then to reduce the principal, ordinarily does not operate in the case of usurious interest, for all interest usually is forfeited, eo instanti, by an agreement to pay interest at an illegal rate, and payments will not be applied by operation of law to the discharge of unlawful obligations in preference to debts justly due. On the contrary, where the interest on the debt is usurious, payments made generally will be applied to discharge the principal."

This court long ago adopted the rule that all sums paid as usury will be applied to the discharge of the principal, and not on the usury. See, First National Bank of North Bend v. Miltonberger, 33 Neb. 847, 51 N. W. 232; Tomblin v. Higgins, 58 Neb. 336, 78 N. W. 620.

We hold that where an installment contract or loan is usurious and where installment payments are not specifically allocated to principal or interest in the contract or by agreement, installment payments will be credited as payments on principal or so much thereof as remains unpaid and not on any illegal interest or other charges on the loan involved. To the extent that State ex rel. Beck v. Associates Discount Corp., 168 Neb. 298, 96 N. W. 2d 55, and Wood v. Commonwealth Trailer Sales, Inc., 172 Neb. 494, 110 N. W. 2d 87, may be in conflict herewith, they are overruled.

The plaintiffs take the position that since the language of L. B. 17 specifically provides for "forfeit and refund" of all interest and other charges, they are entitled to recover without payment of the portion of the debt legally due.

In 91 C. J. S., Usury, § 97, p. 682, it is provided: "As a general rule the right to recover usury paid may not be exercised as long as any part of the debt justly due, principal and legal interest, remains unpaid, unless the statute so provides." Previous to L. B. 17, penalties for usurious contracts or loans of the nature involved here were to void the contracts, to permit the borrower to

retain any property received, and to recover back all payments made. We believe that the Legislature clearly intended that these previous penalties be wiped out retroactively, and supplanted by the penalty of the loss of all interest and charges by the lender, but permitting the recovery of all principal. The right to recover illegal interest or other charges granted to the borrower by L. B. 17 of the Seventy-fourth (Extraordinary) Session of the Legislature may not be exercised as long as any part of the principal debt justly due remains unpaid.

The order of the district court dismissed the plaintiffs' petition for declaratory judgment without declaring the rights and obligations of the respective parties under the contract, and its failure to declare such rights is specifically raised on appeal. The parties were entitled to a judgment that all payments made by the plaintiffs upon the contract in the total sum of $1,383.82 were to be applied upon the principal of the contract; that the total original principal indebtedness on the contract was the sum of $3,525; and that the remaining principal indebtedness of the plaintiffs to the defendant was $2,141.18.

The order of dismissal is, therefore, reversed and the cause remanded with directions to enter a judgment in accordance with this opinion. Each party is to pay its own costs.

REVERSED AND REMANDED WITH DIRECTIONS.