ABIJAH RICHARDSON V. MARIA STONE ET AL.

[FILED DECEMBER 4, 1889.]

1. **Usury**: EVIDENCE : REVIEW. In an action to forclose a real estate mortgage, by the transferee of the note and mortgage, the defense was that the only consideration for the note was usurious and unlawful interest promised upon a loan of $1,000, and a denial of the purchase by plaintiff of the note for value before maturity, and without notice of defenses. Upon the trial it was stipulated and agreed in open court, that if a certain witness were present he would testify " that the entire consideration for which the note and mortgage were given was for usurious interest on the loan of money " referred to. No evidence was of fered for the purpose of contradicting the fact. Upon appeal to the supreme court it was *held* that objections could not be there made for the first time to the evidence as the statement of a conclusion, and not of the existence of facts from which the conclusion could be drawn.

2. ———: BONA FIDE HOLDER. The evidence examined and found to sustain a finding, that the plaintiff had not shown himself to be a *bona fide* holder of the note.

APPEAL from the district court for Johnson county. Heard below before BROADY, J.

*L. C. Chapman,* for appellant, cited: *N. E. Mtg. Security Co. v. Sandford,* 16 Neb., 691 ; *Richardson v. Doty,* 25 Id., 420 ; Colebrooke, Collateral Securities, sec. 138 ; *Smyth v. Munroe,* 84 N. Y., 354 ; *Weyh v. Boylan,* 85 Id., .394 ; *Ashton's Appeal,* 73 Pa. St., 153.

*A. M. Appelget,* and *S. P. Davidson, contra,* cited : 1 Daniel, Negotiable Instruments, 862 ; *Jaqua v. Montgomery,* 33 Ind., 46 ; *B. & M. R. Co. v. Dick,* 7 Neb., 245.

REESE, CH. J.

This was an action for the foreclosure of a real estate mortgage given to secure the payment of five promissory notes for seventy dollars each, payable to the order of P. D. Cheney, dated July 16, 1872, and, all of which were alleged to have been previously paid, except the last of said series of notes, and which matured on the 16th day of July, 1877. The mortgage and note were executed by defendants Maria Stone and B. F. Stone, her husband. Subsequent to the execution of these papers they had sold and conveyed the real estate to defendant Davidson, with an agreement to present, and make the defenses presented in this case. The action was instituted by plaintiff and appellant, who claimed to be an innocent purchaser of the note in the due course of trade, and before maturity.

Maria Stone filed her answer to the petition denying that plaintiff was the *bona fide* holder of the note, or that he purchased the same before maturity, and without notice of her defenses, alleging that the only consideration for the note was usurious interest on a loan of $1,000 obtained from P. D. Cheney and B. Murray, Jr., at 17 per cent interest, and that the debt was barred by the statute of limitations. There were other allegations in the answer, but which need not now be noticed. The execution of the note and mortgage was admitted. The reply consisted of a general denial.

The same was tried to the district court, the trial result-
ing in a general finding and decree in favor of defendants.
From this decree plaintiff appeals.

There is practically no dispute but that the only consider-
ation for the note was usurious interest (over and above
the legal rate), contracted and agreed to be paid at the time
of the loan for $1,000 referred to above.   Upon the trial
the following admission was made in open court :   "It is
admitted that if the witness, B. F. Stone, were present he
would testify in this case that the entire consideration for
which the note and mortgage was given, was for usurious
interest on a loan of money obtained from one Byron Mur-
ray, Jr., and that the statement of what this witness would
swear to may be used as evidence on the trial of this case.
It is further agreed that the notes and mortgage set out in
plaintiff's petition were made as there set out and that they
are true and correct."

It is now contended that the statement agreed to would
have been only the conclusion of the witness if testified to,
and that therefore it was not proof of the fact of usury.
While it is perhaps true that had the witness been called
for the purpose of proving the fact of usury, and had objec-
tion been made to the method of proof, he would have been
required to state the facts, and from such facts the conclu-
sion could have been drawn; no objection was offered to
that part of the stipulation upon the ground stated.   The
court and counsel accepted it as proof of the fact.   No ef-
fort was made to prove a different state of facts.   It must
now be accepted as true.

The next question presented for consideration is as to
whether plaintiff was entitled to protection as an innocent
purchaser of the note.   Upon this part of the case the evi-
dence was conflicting.   Plaintiff testified in his deposition,
which was read in evidence, that he purchased the note for
value and without notice of any defense, in May, 1876;
that he was wholly unacquainted with the defendants and

purchased upon the representation that the note was well secured and upon the written statement accompanying it, signed by defendants, that they had " no defense, set off, or claim whatever in law or equity to make against said notes and mortgage."

As against this there was evidence submitted on the part of defendants that in the month of May, 1878, one Davis, by his attorney instituted a suit on the same note and mortgage involved in this action, in the circuit court of the United States for the district of Nebraska, the object and purpose of the action being a foreclosure of the mortgage. This evidence consisted of the testimony of Judge Appelget and of plaintiff's attorney, who show quite clearly that the notes involved in the two actions were one and the same. In addition to this, the note shows to have been trimmed and torn in such a way as to excite a suspicion that something had been cut and torn off which it was not desired should appear thereon. The burden of proof being upon the plaintiff to show that he was an innocent holder of the note by purchase for value before maturity, and without notice of defenses ( *Wortendyke v. Meehan,* 9 Neb., 229), the finding of the district court that he had failed to establish the fact cannot be molested.

Upon consideration of the whole case we are satisfied that the decree of the district court was correct. It is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.