Bernstein v. State.

---

ISADORE BERNSTEIN V. STATE OF NEBRASKA.

FILED JUNE 23, 1921.   No. 21875.

Criminal Law: EVIDENCE: TELEPHONIC CONVERSATION.  Evidence of telephonic conversation between the defendant and another party is hearsay and incompetent, unless the party testifying could recognize and identify the voice of defendant.

ERROR to the district court for Douglas county:  ALEXANDER C. TROUP, JUDGE.   *Reversed.*

*H. Fischer* and *W. H. Hatteroth,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *C. L. Dort, contra.*

Heard before LETTON, ALDRICH, DAY and DEAN, JJ., GOOD and RAPER, District Judges.

ALDRICH, J.

Plaintiff in error was convicted in the district court for Douglas county on a charge of receiving stolen property, and was sentenced to the penitentiary for an indeterminate period of from one to seven years.   He brings the case to this court for review.

The property alleged to have been stolen was a case of cigars belonging to one Kiplinger.   His name and address were on the box.   The cigars, it is estimated, were worth $405.

The state's principal witness was Henry Slack, a convict.   His story was that at the time of the alleged stealing he was employed by the Omaha Merchants' Express and Transfer Company; that he had the case of cigars and some tires in his truck when he left the freight office, and

that he picked up the witness Carl Rose on his way to Frieden's store. Frieden, according to Slack's testimony, said he would take all the "stuff" Slack would bring. Slack testified that they went from Frieden's store to Bernstein's place of business, where he delivered the cigars, receiving $25 in cash from Bernstein, with the arrangement that Bernstein was to pay him another $25 if the cigars were good.

Slack also testified that a telephonic conversation was had between Frieden and the defendant relative to defendant's accepting the cigars in question. The defendant denied that Frieden called him on the telephone, and the establishing of the fact depends almost entirely upon Slack's testimony, as Frieden was not called as a witness. Slack testified that Frieden "went inside and called this Bernstein." Slack did not hear the defendant Bernstein's voice at the other end of the line, and on this proposition the case of *National Bank of Ashland v. Cooper*, 86 Neb. 792, is in point. It was there held: "The conversations, relating to a contract, had between parties thereto by telephone may be received in evidence, where the witness testifies positively that he recognized the person, with whom he was talking, by his voice." It is plain, then, that neither Slack nor Rose could be allowed to testify that it was Bernstein at the other end of the line, unless they could identify his voice. *Dunham v. McMichael*, 214 Pa. St. 485. Slack and Rose were comparative strangers to the defendant, not familiar enough with him to recognize his voice if they had heard it. Slack and Rose could testify only as to what they heard Frieden say. Hence, the reception of this evidence, in our judgment, was prejudicial error, and the defendant is entitled to a new trial on this phase of the case alone.

REVERSED AND REMANDED.