[No. 15214. Department Two. June 30, 1919.]

THOMAS S. HOPGOOD, *Respondent,* v. J. C. MILLER, *Appellant.*[1]

USURY (13) — RECOVERY OF USURY PAID — EFFECT OF PAYMENT. A mortgagor who deeds the mortgaged property in satisfaction of a usurious mortgage note is not estopped, by making such payment, from maintaining an action to recover the usurious interest exacted.

SAME (14, 17)—VALUE OF PROPERTY TAKEN—PLEADING AND PROOF. In an action to recover usurious interest exacted, after plaintiff deeded property to the defendant in satisfaction of the amount demanded, $5,211.60, an answer denying that the property was worth any sum in excess of $5,000, admits it was of that value; and it having been taken in satisfaction of the demand for $5,211.60, such sum must be assumed to be the value of the property at that time.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered July 2, 1918, upon findings in favor of the plaintiff, in an action to recover usurious interest paid, tried to the court. Affirmed.

[1]Reported in 181 Pac. 919.

*Hayden, Langhorne & Metzger,* for appellant.

*A. A. Hull* and *A. R. Rutherford,* for respondent.

MOUNT, J. — This action was brought to recover usurious payments made upon a promissory note. Upon issues joined, the case was tried to the court without a jury, and resulted in a judgment in favor of the plaintiff for $1,000. The defendant has appealed from that judgment.

The facts are not disputed and may be briefly stated as follows: On February 19, 1914, the appellant loaned to the respondent $3,200. At that time the respondent delivered to the appellant a promissory note for $4,284, $1,084 of this amount being represented by a commission charged by the appellant for loaning the money. The note for $4,284 bore interest at the rate of eight per cent per annum until maturity, and after maturity, at the rate of twelve per cent per annum. Thereafter, on August 26, 1914, the respondent paid $85.78 as interest on the note. At the time the note was made, the respondent, to secure its payment, executed and delivered to the appellant a mortgage upon certain real estate in Lewis county. When the note became due, the respondent was unable to pay and was threatened with foreclosure of the mortgage. The respondent thereupon conveyed the mortgaged lands to the appellant on December 18, 1916, and received back from the appellant an option to repurchase the lands at any time before August 1, 1917, for the amount of $5,211.60, together with interest after December 18, 1916, at the rate of eight per cent per annum, together with costs and expenses which appellant might in the meantime have been put to in preserving the property clear of liens. The sum of $5,211.60 represented, on December 18, 1916, the sum of $4,284, named as the principal in the original note,

together with interest thereon from December 18, 1916, at the rate of eight per cent per annum, after allowing credit for the payment of interest made by the respondent. Thereafter the respondent, being unable to raise sufficient money on or before August 1, 1917, with which to repurchase the property under his option, lost his right to repurchase. The trial court found that the appellant charged a bonus of $1,084 knowingly, with the intent thereby of obtaining a greater profit on his loan of $3,200 than twelve per cent per annum; and that the appellant received the conveyance of the property in satisfaction of the note, with the intention thereby of securing a greater profit on his loan of $3,200 than twelve per cent per annum; and that he accepted that conveyance in payment and satisfaction of his note for $4,284, together with principal and interest.

Upon these facts, the trial court concluded that the $1,084 was usurious under the statute, and gave judgment in favor of the respondent for $1,000.

The appellant makes two contentions upon this appeal.

It is first argued that the respondent, if he had a claim against appellant on account of usury, waived his right when he deeded the mortgaged premises in satisfaction of the debt; and it is argued that the respondent is estopped to now recover back the property or the usurious interest paid upon the note. A number of cases are cited to that effect. There can be no doubt that there is much conflict in the authorities upon the question here presented. Some states hold that, where a usurious debt is paid, the debtor waives the right to claim a recovery back for usurious interest. Other states hold to the contrary. These authorities are collected and reviewed in the note to *Zeigler v. Scott,* reported in 54 Am. Dec., pages 395

to 402, inclusive; and also in an exhaustive note to *Lee v. Hillman,* from this court, reported in L. R. A. 1918B, pages 581 to 595, inclusive. Many of the authorities cited in the appellant's brief are noticed in the notes above referred to. Whatever may be the rule in other states, it is settled, so far as this state is concerned, in *Lee v. Hillman,* 74 Wash. 408, 133 Pac. 583, Ann. Cas. 1915A 759, L. R. A. 1918B 581. That was a case where the plaintiff sought a recovery of the value of certain property which he claimed to have surrendered in payment of usurious interest upon loans made to him; and we held that a complaint seeking the recovery of the value of the property surrendered in payment of usurious interest stated a cause of action. In that case, discussing this question, after many authorities had been cited and reviewed, we said:

"We think, however, that it does not follow that the debtor who has been thus unlawfully deprived of money or property may not recover such money or property by a common law *remedy,* and that, of course, under our system means by the ordinary civil action which we have substituted for the common law remedy. While the *right* here involved rests primarily upon our usury statute and would not exist in the absence of such statute, we think an ordinary civil action, that being our substitute for the common law remedy, furnishes a remedy available to the debtor to recover the money or property unlawfully taken from him in payment of usurious interest. . . .

"We are of the opinion that, at least in so far as money or property is exacted in payment of interest above the highest rate permitted by our usury statute, the same may be recovered by the payer thereof in a civil action prosecuted by him as plaintiff."

It follows, therefore, that the respondent has a right in this state, under the rule there announced, to recover back the usurious interest or payments exacted from him upon a usurious transaction. This is upon

the theory that the transaction is unlawful, and that the money or property is exacted in violation of law and can, therefore, be recovered back. Counsel for appellant endeavors to distinguish this case from *Lee v. Hillman* by saying that there this court was not dealing with a case where the party claiming the contract to be usurious had voluntarily settled and discharged the principal obligation; but a reading of the case itself discloses that it was a case where the party claiming the contract to be usurious had voluntarily settled and discharged the principal obligation by paying or delivering property in payment of the obligation, practically the same as in the case now before us.

Appellant makes another point, to the effect that there is no finding of the court to the effect that the market value of the property, at the time of the conveyance, exceeded the principal sum loaned, namely, $3,200, with lawful interest and taxes paid. The complaint alleged that the property delivered to the appellant by the respondent was of the value of $75,000. In answer to this allegation of the complaint, the appellant denied "that the lands and premises described in said deed were of the reasonable value of $75,000, or of any sum in excess of $5,000, . . ." This, of course, was an admission that the real estate, at the time, was of the value of $5,000. Furthermore, the appellant took the property in payment of the $3,200 and the $1,084 bonus and other expenses, aggregating the total amount of $5,211.60, and in the absence of any showing to the contrary, this amount must be assumed to be the value of the property at that time.

We are satisfied, therefore, that the appellant has no complaint to make upon a judgment for $1,000.

The judgment appealed from is therefore affirmed.

HOLCOMB, C. J., PARKER, and FULLERTON, JJ., concur.