[No. 23121. Department Two. July 23, 1931.]

LOUIS L. TRAUTMAN, *Respondent,* v. SPOKANE SECURITY FINANCE CORPORATION, *Appellant.*[1]

[1]Reported in 1 P. (2d) 867.

*G. E. Lovell,* for appellant.

*Robertson & Smith,* for respondent.

BEALS, J.—This case is before us upon the findings of fact entered by the trial court, to which no exceptions were taken by either party.

In his complaint, plaintiff stated two causes of action. In the first, he alleges that December 17, 1929, he borrowed from defendant the sum of $1,200, giving therefor his note, payable in six months, for the sum of $1,320, with interest at eight per cent per annum, secured by the pledge of seventy shares of Cities Service common stock; that defendant collected dividends on this stock in the sum of $10.27, and June 17, 1930, sold the stock for $1,729.70, making a total of $1,739.97 received by defendant on plaintiff's account. Plaintiff further alleged that the excess in the amount of the note over the $1,200 which he actually received, coupled with the interest borne by the note according to its terms, amounted to $176.80, which sum plaintiff was entitled to have credited on the amount of the original loan, $1,200, leaving a debit against plaintiff in his account with defendant in the sum of $1,023.20, which, deducted from plaintiff's credit with defendant in the sum of $1,739.97, left a balance in plaintiff's favor in the sum of $716.77, for which amount plaintiff prayed for judgment.

By way of a second cause of action, plaintiff alleged that December 17, 1929, one Helen E. Hurd borrowed from defendant the sum of $510 for the period of six months, and that for the use of this money and by way of interest thereon, defendant charged Helen E. Hurd the sum of $73.44, which charge was in excess of twelve per cent per annum and, under the law, amounted to usury; that the borrower pledged with defendant, as collateral security for the payment of the loan, sev-

eral shares of Cities Service common stock, and that she thereafter, in order to obtain possession of the pledged shares, paid to defendant the amount of the note which she had given at the time of the pledge, together with interest thereon according to its terms, and that she had paid to defendant interest for use of the money which she had borrowed in the sum of $73.44, for which amount (Helen E. Hurd having assigned her claim to plaintiff) judgment was demanded upon the second cause of action.

By its answer and cross-complaint, defendant admitted the execution of the notes referred to in plaintiff's complaint, and denied other allegations therein contained. By way of an affirmative defense and cross-complaint, defendant alleged its corporate capacity and its authority to loan money on interest; that plaintiff borrowed from defendant the sum of $1,200 with which to complete the payment of the purchase price of seventy shares of Cities Service common stock, which plaintiff was purchasing under an installment contract; that the loan was used to complete the payment of the purchase price of the stock, which was turned over to defendant, who thereupon gave plaintiff an option to purchase the stock for $1,320, for which amount plaintiff gave defendant his promissory note; that it was agreed between the parties that defendant should have the right to sell the stock at any time it should deem it wise to do so, and out of the proceeds retain all sums due it from plaintiff, the balance to be turned over to plaintiff. Defendant further alleged that it sold the stock June 17, 1930, and tendered plaintiff the sum of $362.17, which sum defendant alleged was the amount then due plaintiff, together with plaintiff's note properly canceled.

Referring to plaintiff's second cause of action, defendant alleged that it made a similar deal with plain-

tiff's assignor, Helen E. Hurd, who in due time exercised her option, paid to defendant the face of her note and received from defendant the stock which she had pledged. Defendant further alleged,

"That between July 1, 1930, and July 30, 1930, plaintiff received through the office of defendant $101.10, as dividends and from the sale of accumulative stock, which according to agreement and according to the terms of said option plaintiff is not entitled to;"

and concluded with a prayer for judgment against the plaintiff for the sum of $101.10, together with its costs.

The findings of the trial court read as follows:

"I. That at all the times hereinafter mentioned the Spokane Security Finance Corporation was a corporation organized and existing under and by virtue of the laws of the state of Washington, authorized to loan money on interest, and that its principal place of business is at Spokane, Washington.

"II. That on December 17, 1929, plaintiff borrowed from the defendant the sum of $1,200 for the period of six months from said date, and that as a condition for the making of said loan defendant exacted from the plaintiff a note promising to pay the sum of $1,320, and that there was contained in the said note a provision calling for the payment of 8% interest on the said principal sum; that the said sum of $120 and the said provision for the payment of 8% interest were each alike charges made for the use of money, or interest at a rate in excess of 12% per annum, and were usurious under the provisions of Sec. 7300 and 7304 of Remington's Compiled Statutes of Washington.

"III. That as collateral security for the payment of said note, the plaintiff pledged seventy shares of Cities Service common stock, and that on June 17, 1930, the defendant sold the said common stock, receiving therefor the net amount of $1,729.70 in cash, and that prior thereto said defendant had received as dividends on said stock, to be credited to the account of plaintiff, the sum of $10.27, making a total sum so received and held to the account of plaintiff of $1,739.97.

"IV. That the said interest so charged by the defendant amounted to the sum of $177.80, which under the provisions of said Sec. 7300 and 7304, Rem. Comp. Stat., plaintiff is entitled to have deducted from $1,200, the actual amount of said loan, leaving a debit against him in his account with defendant in the sum of $1,023.20, and no more, which deducted from said credit of $1,739.97 left a balance in favor of plaintiff in the sum of $716.77.

"V. That under the provisions of said code, and because of the matters above set forth and alleged, defendant became and is indebted to the plaintiff in the sum of $716.77; no part of which has been paid.

"VI. That on December 17, 1929, the defendant loaned to one Helen E. Hurd the sum of $510 for a period of six months, and that for the use of said sum defendant charged the sum of $73.44, by making an addition of $51.00 to the principal and a charge of 8% in the body of a note signed by the said Helen E. Hurd at said time, and that said charge of interest was in excess of 12% per annum, and was usurious under the provisions of Sec. 7300 and 7304 of Remington's Compiled Statutes of Washington.

"VII. That the said Helen E. Hurd pledged Cities Service common stock as collateral security for the payment of said loan, and thereafter was compelled to and did pay, in order to obtain the said collateral, not only the principal of said loan, but also the said amount of interest as above set forth, and that under the provisions of Sec. 7300 and 7304 of said code, the said Helen E. Hurd became and was entitled to the recovery back from the defendant of all of said interest so exacted, charged and paid.

"VIII. That thereafter said Helen E. Hurd, by an instrument in writing, assigned, set over and delivered her said right of action to the plaintiff herein."

From these findings, the court entered its conclusions of law to the effect that plaintiff was entitled to judgment against defendant as demanded in his complaint, and judgment was accordingly entered against defendant, from which it appeals.

■ Appellant contends that this action is governed by the cases of *Lee v. Hillman,* 74 Wash. 408, 133 Pac. 583, Ann. Cas. 1915A 759, and *Hopgood v. Miller,* 107 Wash. 449, 181 Pac. 919. In the first case cited, it was held that the common law right to recover usurious interest paid in excess of the rate allowed by law is not abrogated by our statutes against usury, and that,

"At least in so far as money or property is exacted in payment of interest above the highest rate permitted by our usury statute, the same may be recovered by the payer thereof in a civil action prosecuted by him as plaintiff."

In the second of the cases cited, it was held that, in an action brought to recover usurious payments made upon a promissory note, the plaintiff could "recover back the usurious interest or payments exacted from him upon the usurious transaction." Appellant earnestly contends that this case is governed by these cases, and that the trial court erred in allowing respondent a recovery under the usury statute in accordance with the provisions of Rem. Comp. Stat., §§ 7300 and 7304.

By its answer above referred to, appellant affirmatively pleaded, by way of an affirmative defense and cross-complaint, its contract with respondent. Respondent sued to recover from appellant the proceeds of respondent's stock sold by appellant. Appellant admitted the sale of the stock and the receipt of the money therefor. While it could not cross-complain upon respondent's promissory note, because it had canceled the same as paid, it did defend and cross-complain upon the original contract between the parties.

This court, in the case of *Lay v. Bouton,* 73 Wash. 372, 131 Pac. 1153, held that, in an equitable action for an accounting, the usury statute should be applied in so far as the evidence demonstrated that the

same was applicable. In the case of *Home Savings &
Loan Assn. v. Sanitary Fish Co.,* 156 Wash. 80, 286
Pac. 76, the method of applying the usury statute was
clearly outlined.

In effect, this is an action against appellant for
money had and received, or an accounting. Appellant
bases its defense on the contract, admitting the receipt
of the proceeds of the stock. Upon this state of facts,
the action is upon the contract within the terms of the
usury statute. The trial court did not err in its ruling
in respondent's favor upon the first cause of action.

The second cause of action clearly presents
the question, which has never been determined in this
jurisdiction, of whether or not one paying an obligation
including usurious interest can thereafter, in an action
at law, recover the entire amount of the interest paid.
In the two cases first hereinabove cited, this court held
that usurious interest paid in excess of the amount
which the statute permitted to be charged could be re-
covered. In the case at bar, the trial court allowed
the recovery of the entire amount of interest paid.

This question was expressly reserved in the cases
cited, and no authorities which might assist us in de-
termining the matter are called to our attention. We
are of the opinion that the better rule is that, under
the circumstances here shown, interest paid in excess
of the maximum rate allowed by statute may be recov-
ered, but that no greater recovery should be allowed.

Respondent argues that, under finding VII, it
should be held that respondent's assignor made the
payment under a species of duress, and that the doc-
trine of ''business compulsion'' should be held appli-
cable. The finding is not sufficient to invoke this prin-
ciple, it not appearing that she was threatened with
immediate loss of her stock, or that she was without
adequate legal protection.

The judgment of the trial court is accordingly modified, and a new judgment will be entered which will include the amount allowed upon respondent's first cause of action, and, upon his second cause of action, an amount equal to the interest paid by his assignor in excess of twelve per cent per annum. Neither party will recover costs in this court.

TOLMAN, C. J., MILLARD, BEELER, and MITCHELL, JJ., concur.

