[No. 37274.   Department Two.   October 28, 1965.]

WILLIAM C. SCHMECHEL et al., Respondents, v. RON MITCHELL CORPORATION, Appellant.*

*Murray, Scott, McGavick & Graves*, by *Edward M. Lane*, for appellant.

*James P. Healy* (*Richard A. Mattsen*, of counsel), for respondents.

PER CURIAM.—Defendant (appellant) is engaged in the construction of low cost, component-built homes. Defendant and plaintiffs (respondents) entered into a contract whereby defendant agreed to construct and erect two duplexes upon plaintiffs' property. Plaintiffs intended to utilize the duplexes as rental units. When construction was finished, plaintiffs refused to pay the balance then owing on the contract contending that defendant's workmanship was deficient. Defendant timely filed notice of claim of lien for the contract balance. Plaintiffs' initiated suit alleging breach of the construction contract and asking damages. Defendant denied any breach and counterclaimed seeking foreclosure of its lien.

*Reported in 406 P.2d 962.

During trial, the parties stipulated that if the trial court found that defendant had failed to substantially comply with the contract, the measure of damages would be the difference between the market value of the dwelling units as constructed and the market value of them if they had been properly constructed.

The trial consumed 4 days. Much conflicting evidence was introduced in relation to the alleged construction defects. Three witnesses testified as to value. Plaintiffs' witness, using one appraisal approach, testified that the market value of the units as constructed was $18,850 and that it would have been $28,750 had the units been properly constructed. Two witnesses called by defendant, using other appraisal approaches, testified that the cost and market value of the units as constructed was $28,000 and $29,000, respectively. These witnesses stated no other opinion relative to value. Estimates of unit rental potential, presented by both parties, ranged from $75 to $125 a month, although the evidence further indicated that plaintiffs had been unsuccessful in obtaining tenants.

Following trial, the court entered findings of fact to the effect that defendant had breached the contract by virtue of the existence of certain substantial construction defects. Excluded from the defects considered was a claimed defect in the floor of the units, which the trial court found was not attributable to any fault on the part of defendant. These findings of fact are supported by substantial evidence and are not challenged on appeal.

The trial court further found that, by virtue of the failure of substantial performance, plaintiffs were damaged in the sum of $7,200. Against the amount of plaintiffs' damage the trial court offset the balance due on the contract and an allowance of interest and attorneys fees awarded to defendant upon its lien claim. Defendant has appealed from the damage award. Plaintiffs have not cross-appealed or otherwise challenged the offset.

Defendant's assignments of error present one basic question. Did the trial court in finding plaintiffs' damages

to be $7,200 apply a wrong principle of law, misapprehend the facts, or otherwise erroneously estimate the damages?

In support of its contention that the question should be answered in the affirmative, defendant points to the trial court's oral decision, rendered at the conclusion of the trial, wherein the trial court made several calculations to illustrate how it had correlated the assessment to the appropriate measure of damages and checked the amount against the evidence presented. Unfortunately, the trial court's oral exposition is not too clear. Justifying reference to the oral decision in this regard, defendant relies on *Malstrom v. Kalland*, 62 Wn.2d 732, 736, 384 P.2d 613, wherein we stated:

> Fixing the amount of damages is actually a conclusional finding based upon preliminary findings that certain damages were sustained. No reasons are given in a jury verdict fixing the amount of damages unless special interrogatories are propounded. The trial court, on the other hand, usually expresses its reasons, either in an oral or a written memorandum opinion. For an interpretation of the facts found and the amount of damages awarded, we may consider the opinion of the trial court to test whether it has acted upon a wrong principle of law, has misapprehended the facts, or has made a wholly erroneous estimate of the damages suffered; otherwise, the alleged excessiveness of an award of damages by a jury (absent passion and prejudice) and by a trial judge should be tested by the same rules. When the injury is to property the test is whether the damages awarded are within the range of the testimony presented.

In response, plaintiffs allude to the rule that though the oral decision may be used to interpret, clarify or explain, it may not be used to impeach or contradict the trial court's ultimate finding of fact. *Rutter v. Rutter*, 59 Wn.2d 781, 370 P.2d 862 (1962); *Ferree v. Doric Co.*, 62 Wn.2d 561, 383 P.2d 900 (1963). Plaintiffs then argue that, since the amount assessed is within the range of the evidence adduced, the pertinent finding of fact should not be disturbed on appeal. *Steele v. Queen City Broadcasting Co.*, 54 Wn.2d 402, 341 P.2d 499 (1959); *Becwar v. Bear*, 41 Wn.2d 37, 246 P.2d 1110 (1952); *Kenney v. Abraham*, 199 Wash. 167, 90 P.2d 713

(1939); *Eckhardt v. Harder*, 160 Wash. 207, 294 Pac. 981 (1931).

■ We find no incompatibility in the rules relied upon by the respective parties. Where, as in the instant case, there is aught but a conclusional finding of fact entered by the trial court, resort to the oral or memorandum decision contained in the statement of facts is essential to ascertain the legal and factual basis upon which the trial court predicated the finding. Such reference is not for the purpose of impeaching or contradicting the finding. It is for the purpose of clarification. If the oral or memorandum decision clearly demonstrates that the trial court proceeded upon a wholly erroneous basis, the conclusional finding must fall. Such a finding is no more sacrosanct than a verdict of a jury premised upon faulty instructions.

In the instant case, the evidence presented by the respective parties upon the issue of damages leaves much to be desired. It is widely divergent, ranging from defendant's claim of no damage to plaintiffs' evidence of a $9,900 difference in market value. The appraisal approaches of the expert witnesses likewise vary, plaintiffs' witness utilizing the income approach and defendant's witnesses using comparability and cost of construction approaches. Variables are also present, *e.g.*, the floor defects which were found to be attributable to someone other than defendant. No single witness presented a wholly acceptable evaluation of the factors or damages involved. It is understandable that the trial court's oral summation of its conclusions might suffer a certain lack of clarity in the attempt to reconcile the amount awarded with the divergent evidence.

We have carefully reviewed the evidence, the trial court's oral decision, the ultimate findings of fact, and the conclusions of law. Though we cannot say the oral decision wholly explains the amount assessed by the trial court, we are satisfied that the oral summation does not demonstrate that the trial court acted upon a wrong principle of law, misapprehended the facts or made a wholly erroneous esti-

mate of the damages suffered. Clearly the amount fixed was within the range of the testimony introduced.

The judgment is affirmed.

December 21, 1965. Petition for rehearing denied.