[No. 42477.   En Banc.   December 21, 1972.]

MICHAEL A. FLANNERY, *Respondent*, v. JERRY BISHOP *et al., Appellants.*

*Aiken, St. Louis & Siljeg, Arthur H. McKean,* and *Gerald L. Bopp,* for appellants.

*A. J. Losee,* for respondent.

HUNTER, J.—This is an appeal from a judgment of the Superior Court for King County which held that certain transactions between the plaintiff (respondent), Michael A. Flannery, doing business as Federal Way Auto Sales, and the defendants (appellants), Jerry Bishop and Jane Doe Bishop, his wife, doing business as Midway Auto Sales, and Bishop Enterprises, Inc. (hereinafter referred to as the defendant), were loans and usurious.

The record indicates that the plaintiff and the defendant entered into a series of separate and distinct oral agreements during a 3-year period prior to the commencement of this action. The plaintiff would buy an automobile and then take the title of the vehicle to the defendant. The parties would then agree on a value for the automobile represented by the title and the defendant would advance 90 percent of that value in cash or check to the plaintiff. The plaintiff was obligated to repay 100 percent of the value 45 days from the date of the loan and he was free to use the funds he received as he pleased. The agreement between the parties was renewable every 45 days for an additional 10 percent of the agreed value. Although the basic terms of each transaction were identical, the amounts of money involved and the period of time during which the various agreements were in existence varied. From time to time variations occurred in the agreements without objections from either party.

In late August of 1969, the dealings between the plaintiff and the defendant ceased. At that time there were still 18 automobiles in the plaintiff's possession that were covered by the agreements between the parties. The defendant alleges that subsequent to obtaining possession of the 18 automobiles he sold said automobiles for substantially less than their agreed value.

On the basis of conflicting testimony the trial court found that the basic terms of the agreements were as follows. The plaintiff had an absolute duty to repay the amount loaned plus usurious interest in excess of 12 percent per

annum. The defendant on the other hand had an option, if he elected, to seize the automobile. Otherwise, the agreement was a fixed agreement to pay usurious interest. It is clearly indicated from the record that in the event the plaintiff refused to pay the usurious interest, the agreement which permitted a renewal would terminate.

In awarding the plaintiff $5,820 in damages the court stated that in computing the amount of damages it gave the defendant *credit for any doubtful claim;* gave the defendant credit for the special charges provided in RCW 19.52.020 (which provides for setup charges on loans under $500 and further provides that said charges shall not exceed 4 percent of the amount loaned or $15, whichever is less); and did not include the usurious interest charged on those transactions where the defendant exercised his option to seize the automobile.

The defendant contends that the trial court was in error when it held that the transactions between the plaintiff and the defendant involved usurious interest. We disagree.

■ It is generally recognized that the essential elements of usury are: (1) a loan or forbearance, either expressed or implied, of money, or of something circulating as such; (2) an understanding between the parties that the principal shall be repayable absolutely; (3) the exaction of a greater profit than is allowed by law; and (4) an intention to violate the law. *Baske v. Russell,* 67 Wn.2d 268, 407 P.2d 434 (1965).

The defendant argues, in the instant case, that the second element, "an understanding between the parties that the principal shall be repayable absolutely," is lacking and thus the transactions between the parties cannot be labeled usurious.

■ The plaintiff's testimony indicates that the loans in the instant case were repayable absolutely. The defendant's testimony indicates that the plaintiff had an option of repaying the loan or turning over the vehicle to the defendant. The court had a right to believe either theory since

both are supported by competent testimony. *Croton Chem. Corp. v. Birkenwald, Inc.*, 50 Wn.2d 684, 314 P.2d 622 (1957).

In effect, the defendant is arguing that the evidence does not support the trial judge's findings of fact. This argument is governed by RCW 4.44.060, which provides *inter alia:*

> The finding of the court upon the facts shall be deemed a verdict, and may be set aside in the same manner and for the same reason as far as applicable . . .

In *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 573, 343 P.2d 183 (1959), this court quoted with approval *Graves v. L.H. Griffith Realty & Banking Co.*, 3 Wash. 742, 29 P. 344 (1892), wherein we stated:

> "The main contention here is, that the evidence does not support the findings. An appellate court in a law case will not usurp the functions of a jury, or of a judge acting in the capacity of a jury, and reverse the judgment because the weight of testimony seems to be on the other side, or because, in a case of conflict of testimony, the jury believed the testimony of witnesses that it does not believe. This doctrine is so elementary and so universally pronounced by the courts that it would be idle to enlarge on it or to discuss it further. It is sufficient to say that the jury is the judge of the facts. If the testimony on which the judgment is based is competent, and is legally introduced, and if conceded to be true would sustain the judgment, the appellate court will not inquire further as to its sufficiency. . . ."

In the instant case, we have a conflict in testimony as to what occurred. The testimony given by the plaintiff appears to have been legally introduced and competent. If conceded to be true, it sustains the judgment of the trial court that the amounts loaned were repayable absolutely. Having determined that there is evidence to support the findings of the trial judge, we do not inquire further as to the sufficiency of the evidence.

The defendant next contends that the plaintiff's action is barred by the 6-month limitation period in RCW 19.52.032. We disagree.

Consideration of this contention requires an analysis of prior case law in addition to an analysis of RCW 19.52.032.

■ It has long been established that there is a common-law remedy to recover payments of usurious interest which is not abrogated by statutes providing other remedies for the recovery of usurious interest or for the recovery of penalties and forfeitures. *Lee v. Hillman,* 74 Wash. 408, 133 P. 583 (1913).

In the *Lee* case the defendant contended that, since our statutes provided a penalty for usurious transactions, said remedy was exclusive. This court reviewed numerous authorities on both sides of the issue and stated on page 416:

> While the *right* here involved rests primarily upon our usury statute [presently RCW 19.52.020, which provides that interest in excess of 12 percent is usurious] and would not exist in the absence of such statute, we think an ordinary civil action, that being our substitute for the common law remedy, furnishes a remedy available to the debtor to recover the money or property unlawfully taken from him in payment of usurious interest. We are unable to see that a debtor having money or property thus unlawfully taken from him is in any different situation, so far as his right to have the same restored is concerned, than if it were taken from him in some other unlawful manner.

*See Auve v. Fagnant,* 16 Wn.2d 669, 134 P.2d 454 (1943); *Goodwin Co. v. National Discount Corp.,* 5 Wn.2d 521, 105 P.2d 805, 135 A.L.R. 801 (1940); *Edwards v. Surety Fin. Co.,* 176 Wash. 534, 30 P.2d 225 (1934) (wherein we indicated that an action of assumpsit to recover usurious interest payments is governed by the 3-year statute of limitations); and *Trautman v. Spokane Security Fin. Corp.,* 163 Wash. 585, 1 P.2d 867 (1931).

RCW 19.52.032, upon which the defendant relies and which he argues is the exclusive method of establishing usury in this state, deals with a declaratory judgment action to establish usury and also sets the time limitations for commencing a declaratory judgment action. Specifically, it provides:

The debtor, if a natural person, or the creditor *may* bring an action for declaratory judgment to establish whether a loan or forbearance contract is or was usurious, and such an action shall be considered an action on the contract for the purposes of applying the provisions of RCW 19.52.030 [which provides for penalties where a contract is usurious]. Such an action shall be brought against the current creditor or debtor on the contract or, if the loan or debt has been fully repaid, by the debtor against the creditor to whom the debtor was last indebted on the contract. No such an action shall be commenced after six months following the date the final payment becomes due, whether by acceleration or otherwise, nor after six months following the date the principal is fully paid, whichever first occurs.

(Italics ours.)

We stated in *Ashenbrenner v. Department of Labor & Indus.*, 62 Wn.2d 22, 26, 380 P.2d 730 (1963), that:

". . . Courts, do not, however, favor repeals of settled principles by implication, and the legislature in the enactment of a statute will not be presumed to intend to overturn long-established legal principles, unless such intention is made clearly to appear by express declarations or by necessary implication. To the contrary, the legislature will be presumed not to intend to overturn long-established principles of law, and the statute will be so construed, unless an intention to do so plainly appears by express declaration or necessary or unmistakable implication, and the language employed admits of no other reasonable construction. . . ." 50 Am. Jur., Statutes § 340, p. 332.

In *Hatzenbuhler v. Harrison*, 49 Wn. (2d) 691, 697, 306 P. (2d) 745 (1957), we said:

"Another rule of statutory construction which the courts observe is that the law-making body is presumed to be familiar not only with its own prior legislation relating to the subject of legislation, but also with the court decisions construing such former legislation. [Citing cases.] . . ."

Considering that it has long been established in this state that a right of action exists for the recovery of usurious interest in addition to that provided by the statute; that

case law also indicates that a 3-year limitation period applies to said remedies; that the legislature used the word "may" in RCW 19.52.032, which negates the concept of exclusiveness in remedy and that the legislature failed to clearly state that the common-law remedy and its 3-year limitation period is abolished, it can only be concluded that the legislature intended no departure from the long established rule that a right of action exists for the recovery of usurious interest in addition to that provided by statute, and that this remedy has a 3-year limitation period.

The defendant also contends that the amount of the judgment awarded by the trial court was not proven. We disagree.

In effect, the defendant is arguing again that the facts do not support the trial judge's findings. In analyzing the defendant's argument we must be guided by the principles enunciated in *Thorndike v. Hesperian Orchards, Inc., supra,* and *Graves v. L.H. Griffith Realty & Banking Co., supra.*

A reading of the entire record indicates that there is substantial evidence to support the judgment of the trial court. There were well over 100 exhibits introduced in the instant case. Among others, these exhibits included stock cards, inventory sheets, receipts and check stubs concerning the various transactions. In addition, the statement of facts consists of 466 pages, most of which is testimony pertaining to said transactions. The trial court stated that the business records of the defendant were far from satisfactory. However, the court also indicated that in awarding the plaintiff's judgment it gave the defendant credit for any doubtful claims.

Of particular import is exhibit 43 which is a copy of the plaintiff's bill of particulars and lists those transactions which the plaintiff alleged were usurious. The defendant circled items on exhibit 43 which he admitted occurred. He also crossed out certain items and inserted figures which his records indicated were contrary to the plaintiff's. A substantial number of these items admitted by the defendant, when considered with the business records and the

testimony from direct and cross-examination, were subject to mathematical computations of usurious interest. The record also shows there were other items not admitted by the defendant that, when considered with the business records and testimony under direct and cross-examination, were subject to a mathematical computation of usurious interest.

■ We find that the total of these computations comes well within the range of the judgment for usurious interest awarded by the trial court to the plaintiff.

Having determined that the amount of damages awarded is within the range of the testimony presented concerning the amount of usurious interest charged, the judge's findings in this regard will not be disturbed on appeal. *See Steele v. Queen City Broadcasting Co.*, 54 Wn.2d 402, 341 P.2d 499 (1959); *Schmechel v. Ron Mitchell Corp.*, 67 Wn.2d 194, 406 P.2d 962 (1965), and the cases cited therein.

Other questions raised by the defendant need not be reached in view of the preceding discussion.

For the reasons indicated, we affirm the judgment of the trial court.

HAMILTON, C.J., FINLEY, ROSELLINI, HALE, STAFFORD, WRIGHT, and UTTER, JJ., concur.

Petition for rehearing denied February 15, 1973.