Lamora M. SCHLATTMAN, as Administratrix of the Estate of William H. Schlattman, Deceased, Appellant (Defendant below),

v.

Harold C. STONE d/b/a S & S Dozer Service and Stone's Water Service, Appellee (Plaintiff below).

No. 4197.

Supreme Court of Wyoming.

July 13, 1973.

Rex O. Arney of Redle, Yonkee & Arney, Sheridan, for appellant.

Tim Watt, Gillette, for appellee.

Before PARKER, C. J., and McEWAN and McINTYRE, JJ.

McINTYRE, Justice.

This is a usury case. Without disputing the facts parties on either side accept the facts to be as stated by the trial court in its findings. Accordingly, it can be assumed that:

Plaintiff, Harold C. Stone, conducted business with W. H. Schlattman during Schlattman's lifetime. The nature of the business was that Stone would take invoices to Schlattman and assign them on the face of the invoice and Schlattman would then pay Stone either 94 percent or 95 percent of the face amount of the invoice. Stone would then direct the invoices to be paid to Schlattman. Stone was to pay Schlattman the face amount of any invoice which was not paid by the debtor within 90 days. The invoices were paid at varying times after assignment.

The court found proof that plaintiff paid charges on invoices assigned to Schlattman, during 1967 and 1968, in the amount of $77,282.70, whereas interest at the legal

rate of seven percent would amount to only $13,750.50. Judgment was given to Stone for a miscalculated difference, in the amount of $63,712.20. The administratrix has appealed.

Although the trial court stated that plaintiff paid charges on invoices in the amount of $77,282.70 no attempt was made to show that Stone actually was called upon to pay Schlattman the face amount of any assigned invoice. As far as the record shows, all payments were actually made by the respective debtors. The length of time taken by the debtors of course varied. Plaintiff's theory is that if a debtor took only ten days or even 30 days, then Schlattman received a very high rate of interest. Proof was made and judgment was rendered on that basis.

Because the parties have not addressed themselves to the question of whether the contract between Schlattman and Stone was one for loans where interest was charged by Schlattman to Stone and where usury could be involved, it will be assumed for purposes of this opinion and without so deciding that such is the case.

Counsel on both sides agree, and the district court so found, that plaintiff has no cause of action under any of the statutes of our state. Plaintiff has sought to recover on the theory that he has a common-law right to do so and the trial court rendered judgment strictly on that theory. Therefore, this opinion is confined to the narrow question of whether Stone can recover alleged usurious interest paid by him to Schlattman by reason of the common law.

Our statute which adopts the common law of England is § 8–17, W.S.1957. It expressly states that such common law shall be the rule of decision in this state "when not inconsistent with the laws thereof." The question is whether the recovery sought by plaintiff is inconsistent with applicable statutes of Wyoming, or in other words has the rule of decision under the common law been abrogated by statute?

Although subsequently repealed, the pertinent statutes at the time plaintiff brought his action were §§ 13–476 and 13–482, W. S.1957, both a part of the same original act adopted in 1895. Section 13–476 specified that any rate of interest which may be agreed upon, not exceeding ten percent per annum, shall be valid. That section did not specify the penalty or result when greater interest was charged. Section 13–482 did however. At the time plaintiff brought his suit, this section read:

"If any greater rate of interest than is hereinbefore allowed shall be contracted for or received, or reserved, *the contract shall not therefore be void*; but if in any action on such contract, proof be made that illegal interest has been directly or indirectly contracted for, or taken, or reserved, the plaintiff shall only recover the principal, without interest, and the defendant shall recover costs; and if any interest shall have been paid thereon, judgment shall be for the principal, deducting interest paid; * * *" [Emphasis supplied.]

Section 13–482, as it existed at the time of plaintiff's action, did not provide for the type of affirmative relief Stone has sought. The section merely prevented the lender from recovering interest when he sued to recover on the contract. The lender was permitted to recover the principal, less any interest already paid. It was expressly provided that a contract for a greater rate of interest than that allowed should not for that reason be void.

As previously indicated, Stone's attorney recognizes that the effect of § 13–482 was as stated in the preceding paragraph. Hence, he agrees and admits he has no cause of action under any of the statutes of Wyoming. He argues that statutory and common-law remedies are concurrent and a person who pays usurious interest may, independently of remedies afforded by statute, maintain an action for money had and received, as at common law. That is not so.

The question is not whether our statutes have expressly abolished the common-law rule of decision on usury. The question is whether the substance of our statutes is such that the statutes must be regarded as superseding and abrogating the right which existed at common law.[1]

 Inasmuch as our statutes deal with the subject extensively and provide a remedy which the legislature apparently considered sufficient, it is difficult to argue from a commonsense point of view, that statutes have not superseded and abrogated the common law. As stated in In re Roberts' Estate, 58 Wyo. 438, 133 P.2d 492, 500, if a statute covers the whole subject matter, the abrogation of the common law on the same subject will necessarily be implied.

In support of his theory, appellee relies primarily on two cases. They are Dennis v. Bradbury, D.C.Colo., 236 F.Supp. 683 (1964); and Lee v. Hillman, 74 Wash. 408, 133 P. 583 (1913).

In the *Dennis* case, the federal district judge expressly stated that the remedy which existed at common law may be abrogated or superseded by statute (236 F. Supp. p. 689). He recognized the test of whether or not the legislature has declared the usurious contract to be void and found that, under Colorado's usury statute, such a contract is void to the extent of usurious interest (p. 692). That opinion can be of no help to us because Wyoming has expressly declared that, if a contract calls for interest at a greater rate than ten percent, it shall not for that reason be void.

It is true that the court in the *Lee* case (133 P. at 586) took the position that, where statutes forbid the taking of excessive interest and punish a violation by the infliction of fines, penalties or forfeitures, then the person who pays such interest may, independently of the remedies afforded by statutes, maintain an action for money had and received, as at common law.

In a more recent usury case, Flannery v. Bishop, 81 Wash.2d 696, 504 P.2d 778, 780–781, the supreme court of Washington has taken the position that the principle announced in its 1913 decision for Lee v. Hillman is a long-established legal principle in the state of Washington. It reasons that courts do not favor repeals of settled principles by implication and the enactment of a statute will not be presumed to overturn long-established legal principles unless such intention is made clearly to appear by express declarations or by necessary implication. Thus, the Washington court reasons that legislation pertaining to usury has not abrogated the common-law remedy of an action for money had and received.

In our jurisdiction, Washington's *Lee* decision has not created a long-established legal principle for us. Also, we have not heretofore and should not now accept the idea that "express declarations" by the legislature are necessary for abrogation of the common law. As previously indicated, In re Roberts' Estate, 58 Wyo. 438, 133 P.2d 492, 500, stands for the proposition that if statutes cover the whole subject matter, the abrogation of the common law will necessarily be implied.[2] The legislature in Wyoming has indeed covered the whole subject matter as far as usury is concerned, and there is no reason to believe common-law remedies still exist.

 There can be no doubt about the correctness of the general rule stated in 15A C.J.S. Common Law § 13, p. 59, to the effect that the common law obtains only when not changed by statute, and statutes take precedence where there in any *incon-*

---

1. See Dennis v. Bradbury, D.C.Colo., 236 F.Supp. 683, 689 (1964).

2. In 15 Am.Jur.2d, Common Law § 16, p. 813, it is said, "The legislature may supersede the common law without an express directive to that effect, as by adoption of a system of statutes comprehen-

sively dealing with the subject to which the common-law rule related. Thus, where a statute purports to be a revision of the whole subject, any and all common law of which a statutory provision not included in the revision was declaratory is thereby abrogated."

*sistency* or conflict with the unwritten law. See Campbell v. Thurman, 96 Ariz. 212, 393 P.2d 906, 908; and Wax v. Wilson, Fla.App., 101 So.2d 54, 57.

When it is said, if a greater rate of interest than that allowed by law is contracted for, the debtor may sue to recover all interest paid over the legal rate, the effect is to say the contract, in whole or in part is null and void.[3] Otherwise, how could the remedy be justified? The Wyoming statute, however, clearly says the contract shall not be void. Thus, the inconsistency in the common-law remedy and in the statutory declaration is apparent and the common law is superseded.

The weight of authority does not follow the reasoning adopted by the Washington court in the *Lee* and *Flannery* cases. For example, the supreme court of New Mexico, in Jaffa v. Lopez, 38 N.M. 290, 31 P.2d 988, 992, dealt with a "*voidable only*" statute similar to the one in Washington and the one in Wyoming. It cited Lee v. Hillman and specifically refused to follow it, holding instead that recovery could stand only upon the statute.

In states which have a statute making a usurious contract voidable to some extent but not void, a common-law right of recovery by the borrower has been disallowed in these cases: Marshall v. Beeler, 104 Kan. 32, 178 P. 245; Gross v. Coffey, 111 Ala. 468, 20 So. 428; Blain v. Willson 32 Neb. 302, 49 N.W. 224; Seldin v. Northland Mortgage Company, 189 Neb. 175, 202 N.W.2d 174; Dailey v. A. C. Nelsen Company, 178 Neb. 881, 136 N.W.2d 186; Jaffa v. Lopez, 38 N.M. 290, 31 P.2d 988.

From what has been said, it is clear that plaintiff does not have a common-law right to recover interest already paid by him (1) because the statutes in existence at the time plaintiff brought his action covered the whole subject matter of usurious interest and abrogation of the common law on that subject must necessarily be implied; and (2) because the weight of case law is contrary to the plaintiff's theory. The judgment of the district court needs to be reversed.

In view of the fact that Chief Justice Parker and Justice McEwan are concurring in the result reached by me, as indicated in their separate opinions, the case is:

Reversed.

PARKER, Chief Justice (concurring in the result).

I agree that the judgment of the trial court cannot stand. However, I do not reach a consideration of the principle upon which Judge McIntyre would base his decision. Instead I find a total lack of proof that usury existed in this instance. It is elementary that usury will not be presumed and the burden is upon the party asserting usury to prove that it exists. Anderson v. Curls, Mo.App., 309 S.W.2d 692, 696; Hansen v. Commonwealth Company, Neb., 115 N.W.2d 895, 901; 91 C.J.S. Usury § 114; 45 Am.Jur.2d Interest and Usury § 350.

McEWAN, Justice (concurring in the result).

I concur in the result and agree with Justice McIntyre that usury existed under the particular facts of this case. I do not, however, think that under the statute, § 13–482, a borrower was precluded from maintaining an action for the recovery of usurious interest even if he had paid all the principal and interest. Since in my opinion the borrower did have a cause of action under the statute he was subject to the one-year statute of limitations, and since the statute would have run against him he could not recover.

GUTHRIE, J., not participating.

3. See Dennis v. Bradbury, D.C.Colo., 236 F.Supp. 683, 691 (1964).