[No. 1049-3.   Division Three.   June 16, 1975.]

PHILIP L. SULLIVAN, *Respondent*, v. STANLEY E. WHITE *et al*, *Appellants*.

*William J. Plonske* and *Schillberg & Plonske*, for appellants.

*Lawrence L. Tracy* and *Ries & Kenison*, for respondent.

GREEN, J.—Plaintiff, Philip Sullivan, commenced this action against the defendants Fairless and White to recover the balance due on a promissory note. The defendants appeal from a judgment in favor of plaintiff.

The sole question is whether the trial court erred in

refusing to declare the transaction between the parties to be usurious under RCW 19.52.020.[1]

Defendants assign error to certain of the trial court's findings of fact and to certain of the defendants' findings proposed and refused. Opposing versions of the transaction were in the testimony of the parties.

According to plaintiff, defendant Fairless planned to purchase a motorcycle business but could not obtain bank financing. Fairless knew that plaintiff possessed a Hamilton Fund certificate that would be acceptable as collateral for an adequate bank loan and persuaded plaintiff to use that collateral for such purpose. Fairless arranged the loan and took plaintiff to the bank where plaintiff signed a promissory note, left his certificate as security and immediately endorsed the proceeds of the loan over to the defendants. In return plaintiff obtained an agreement signed by both defendants as principals, which provided in part:

> For value received, I promise to pay to Phillip Sullivan the amount of money used or balance owing against Hamilton Fund Certificate No. 31309. This agreement will be paid in full plus interest at 10 per cent per annum, within 36 months beginning October 10, 1964.

As a consequence, plaintiff characterizes the transaction as a *sale* of his credit to the defendants.

On the other hand, according to defendants, plaintiff *loaned* the money to them and they were to pay to plaintiff 10 percent of the declining balance of the bank loan plus the 8 percent interest due on the loan to the bank. Consequently, defendants contend such a percentage was usurious, *i.e.*, 18 percent per annum. In the extreme, defendants argue the above agreement should be construed to require payment to plaintiff of 10 percent per annum on

---

[1]RCW 19.52.020 provides:

"Any rate of interest not exceeding twelve percent per annum agreed to in writing by the parties to the contract shall be legal, and no person shall directly or indirectly take or receive in money, goods, or things in action, or in any other way, any greater interest, sum or value for the loan or forbearance of any money, goods or things in action than twelve percent per annum: . . ."

the original amount of the loan, as contrasted to the declining balance, until the entire amount is paid. This amount added to the interest due the bank, the defendants argue, would increase the usurious rate to 27 percent.

■ After hearing the evidence, the trial court entered findings adopting plaintiff's version of the transaction. In essence, the court found:

> PLAINTIFF sold his credit to DEFENDANTS and the charges agreed upon were for the extension of credit by PLAINTIFF to DEFENDANTS, and not a loan or forbearance of money.

and concluded the contract was not subject to the claim of usury. We find substantial evidence to support the trial court's findings and they will not be disturbed. *See Flannery v. Bishop*, 81 Wn.2d 696, 504 P.2d 778 (1972).

■ The essential elements of usury are outlined in *Hafer v. Spaeth*, 22 Wn.2d 378, 382-83, 156 P.2d 408 (1945):

> (1) a loan or forbearance, express or implied; (2) money or its equivalent constituting the subject matter of the loan or forbearance; (3) an understanding between the parties that the principal shall be repayable absolutely; (4) the exaction of something in excess of what is allowed by law for the use of the money loaned or for the benefit of the forbearance; and, in some jurisdictions, (5) an intent to exact more than the legal maximum for the loan or forbearance.

The court also pointed out that in determining whether any of these elements are present,

> *the courts will look through the form of the transaction and consider its substance.* If all the requisites are found to be present, the transaction will be condemned as usurious, but, if any one or more of them are lacking, the parties cannot be charged with a usurious practice. The cases are uniform in their acceptance of these principles.

(Italics ours.) *Accord, Flannery v. Bishop, supra* at 698.

■ In form, the transaction in the present case appears to be a loan from plaintiff to defendants. However, in substance the plaintiff is in the position of guarantor or surety who is selling his credit to the defendants. *See* 91 C.J.S.

*Usury* § 21 (1955). The trial court properly held that the payment of 10 percent per annum to plaintiff was for the sole purpose of compensating him for the use of the Hamilton Fund certificate and did not constitute a usurious transaction.

Defendants' position that the court must look to the form rather than the substance of a particular transaction, if protection under our usury laws is to be maintained, is not supported. Neither are defendants justified in their fears that such a rule will open the gates to evasion of the usury statutes. As the court in *Hafer v. Spaeth, supra,* noted over 30 years ago, the test of substance over form has been uniformly applied in this state. *Port of Longview v. Taxpayers of Port of Longview,* 84 Wn.2d 475, 527 P.2d 263 (1974); *National Bank of Commerce v. Thomsen,* 80 Wn.2d 406, 495 P.2d 332 (1972); *State ex rel. O'Connell v. PUD 1,* 79 Wn.2d 237, 484 P.2d 393 (1971); *Colagrossi v. Hendrickson,* 50 Wn.2d 266, 310 P.2d 1072 (1957); *Hafer v. Spaeth, supra; Hoffman v. Gamache,* 1 Wn. App. 883, 465 P.2d 203 (1970).

Judgment affirmed.

McINTURFF, C.J., and MUNSON, J., concur.