[No. 9639–7–I.   Division One.   May 31, 1983.]

RICHARD G. NORD, *Respondent,* v. EASTSIDE
ASSOCIATION LIMITED, ET AL,
*Appellants.*

*Floyd Fulle,* for appellants.

*David Weyer,* for respondent.

CORBETT, J.—Defendants appeal a judgment against them for the balance due on a contract and promissory note. We affirm and award attorneys' fees on appeal.

Defendant Tasso conceived the idea of a Bellevue Athletic Club in 1974. He incorporated the club as a nonprofit corporation. Plaintiff, Tasso, and a third person incorporated Eastside Association Limited (Eastside) as a business corporation to develop facilities for the Bellevue Athletic Club. In late 1974, plaintiff bought the third person's shares and thereby became the majority (51 percent) shareholder and president of Eastside. Later, the other defendants became shareholders and/or directors of Eastside.

Eastside suffered serious financial setbacks. The minority shareholders and directors became dissatisfied with plaintiff's management of Eastside and requested that he step down as president. In response, plaintiff raised the possibility of litigation and corporate bankruptcy unless he made a satisfactory sale of his stock. Negotiations resulted in the note and contract which are the subject of this suit.

The contract provided that Tasso would purchase all of plaintiff's stock in the corporation. As partial consideration, Tasso paid plaintiff $15,000 and agreed to pay an additional $10,000. Tasso executed a promissory note for $10,000 to reflect this obligation. Payment of the note was guaranteed by Eastside and the other defendants/directors. The contract also provided that Eastside would pay additional sums for consulting services to the plaintiff and a third person. After the contract was signed, and pursuant to its terms, plaintiff transferred his stock and resigned as president. Within the next several months, two–thirds of the stock acquired from plaintiff was sold or pledged to third parties for $55,000. When plaintiff was not paid the balance owed on the note, he brought suit and was awarded the judgment from which defendants appeal.

Defendants challenge nine of the findings of fact on

the ground that they are actually conclusions of law and, therefore, not binding on appeal. *Kane v. Klos,* 50 Wn.2d 778, 788, 314 P.2d 672 (1957). Conclusional findings reached on an erroneous basis, and not supported by substantial evidence, are not binding on appeal. *Schmechel v. Ron Mitchell Corp.,* 67 Wn.2d 194, 197, 406 P.2d 962 (1965). We may resort to the trial judge's oral decision to ascertain the legal and factual bases upon which the trial court predicated its findings. *Schmechel.* The trial court found, among other things, that defendants wrongfully attempted to remove plaintiff as president and director of Eastside; at the time of negotiations, the defendants believed the club was viable, financially feasible and potentially profitable for Eastside; and the contractual agreement was the result of an arm's length transaction. We find substantial evidence in the record which supports the findings of fact from which the challenged legal conclusions could properly be drawn. The conclusions of law contained within the findings of fact are, therefore, sustained.

▆ At trial and on appeal, the primary defense was that the agreement and note were voidable because they were executed under business compulsion. The doctrine of business compulsion is a form of duress where one is compelled to suffer a serious business loss or make payment to his detriment. *Barker v. Walter Hogan Enters., Inc.,* 23 Wn. App. 450, 452, 596 P.2d 1359 (1979). A contract is not voidable solely because it was made under stress. *Starks v. Field,* 198 Wash. 593, 599, 89 P.2d 513 (1939).

> Accordingly, in this jurisdiction, the doctrine of business compulsion based on the theory of potentially serious business loss imposed by oppressive conduct can be successfully invoked only if the "victim" can prove both that the offending party applied the immediate pressure and also that he caused or contributed to the underlying circumstances which led to the victim's vulnerability.

*Barker v. Walter Hogan Enters., Inc., supra* at 453.

For the doctrine to apply, plaintiff must have caused or contributed to Eastside's vulnerability and must have

exerted the pressure that brought about the decision to enter into the agreement. The acts or threats of the plaintiff cannot amount to duress if he had a legal right to do the threatened act. *Starks v. Field, supra* at 599; Restatement of Contracts §§ 492, 493 (1932); 25 Am. Jur. 2d *Duress and Undue Influence* §§ 6, 7 (1966).

There is substantial evidence in the record tending to prove that factors other than plaintiff's activities caused the vulnerability of Eastside. The minority shareholders wanted plaintiff out of the corporation because they thought the club would be successful and financing obtainable if he were removed. The minority shareholders anticipated substantial profits; they had other investors willing to pay more money for less stock than was paid to plaintiff in the transaction at issue. Both plaintiff and the corporation were represented by counsel and negotiated intensively before arriving at an integrated contract. Eastside failed to carry its burden to prove business duress and compulsion.

Defendants also contend that the agreement and note were voidable because of plaintiff's alleged breach of fiduciary duty as officer, director and majority shareholder. Defendants rely on the general rule that an agreement between a fiduciary and his corporation, which is not an arm's length bargain, may be set aside by the corporation. Corporate directors and officers are treated as fiduciaries. *State ex rel. Hayes Oyster Co. v. Keypoint Oyster Co.,* 64 Wn.2d 375, 381, 391 P.2d 979 (1964).

> A director is a fiduciary. So is a dominant or controlling stockholder or group of stockholders. Their powers are powers in trust.

(Citations omitted.) *Pepper v. Litton,* 308 U.S. 295, 306, 84 L. Ed. 281, 60 S. Ct. 238 (1939).

Defendants also rely on a corollary to this general rule: a director may not vote on matters before the board in which he has a personal interest. *Tefft v. Schaefer,* 136 Wash. 302, 306, 239 P. 837 (1925). There is no legal quorum of directors where one of the directors necessary for the quorum has a personal interest in the matter in question. *Hein v.*

*Forney,* 164 Wash. 309, 316, 2 P.2d 741, 78 A.L.R. 631 (1931). Defendants contend that since plaintiff's presence and vote were necessary to approve the contract, defendants had the option to avoid the contract without regard to good faith or fairness. *Tefft v. Schaefer, supra* at 306.

The rules relied on by defendants do not prevent a corporation from ratifying and affirming a contract where it is done with full knowledge of the facts, and it appears advantageous to the corporation to do so. *Poweroil Mfg. Co. v. Carstensen,* 69 Wn.2d 673, 678, 419 P.2d 793 (1966). When a corporate officer deals with the corporation with full disclosure and understanding on both sides of all the facts affecting the transaction, it is not voidable. *Baker v. Seattle–Tacoma Power Co.,* 61 Wash. 578, 585, 112 P. 647 (1911). Here, there was full disclosure, no allegation of fraud, and all of the shareholders agreed to the transaction. The stock acquired was sold for a profit. The facts demonstrated the defendants' intent to affirm, approve and act in furtherance of the contract. The trial court was correct in concluding that the corporation cannot avoid the contract. *See Nursing Home Bldg. Corp. v. DeHart,* 13 Wn. App. 489, 497, 535 P.2d 137 (1975).

## CROSS APPEAL

The agreement and note provide for reasonable attorneys' fees. At trial, plaintiff's counsel presented a statement which detailed time actually spent and billed to the plaintiff. Citing *State v. Roth,* 78 Wn.2d 711, 712, 479 P.2d 55 (1971), plaintiff contends that the court abused its discretion by failing to allow all attorneys' fees, thereby reducing the judgment due to plaintiff.

The trial court's determination of the reasonableness of attorneys' fees will not be set aside in the absence of clear abuse of discretion. *See State v. Roth,* 78 Wn.2d at 716. Abuse of discretion is that exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971). From our review of the record, we conclude that there is a reasonable

basis to support the amount of attorneys' fees awarded. We cannot find an abuse of discretion.

Pursuant to RAP 18.1, plaintiff has requested an award of attorneys' fees on appeal. We grant that request and award the additional sum of $1,500.

The judgment is otherwise affirmed and the cause remanded for modification of the judgment to include attorneys' fees awarded on appeal.

SWANSON and SCHOLFIELD, JJ., concur.

Reconsideration denied June 30, 1983.

Review denied by Supreme Court October 7, 1983.